## PEOPLE v WALKER

## PEOPLE v JIMERSON

Docket No. 55857. Argued December 13, 1974 (Calendar No. 15).— Decided January 21, 1975.

James Walker, Sr., James Walker, Jr., and Arthur Jimerson were twice found to be in civil contempt for refusal to answer questions regarding solicitation of injury cases before the Wayne County Citizens Grand Jury. The refusals were to answer the same or similar questions before the same grand jury, once in regular session and once in recalled session. Wayne Circuit Judge, Thomas J. Foley, J., denied defendants' motions to set bond pending appeal of the second contempt judgments and to set aside those judgments. Defendants appeal to the Supreme Court prior to decision by the Court of Appeals by leave granted. Defendants were admitted to bond by the Supreme Court; they had then each served more than one year in prison on their contempt convictions. *Held:*

1) The statute providing for punishment of grand jury witnesses for contempt in refusing to answer questions refers to the subject matter of the questions, not whether they were asked on more than one occasion;

2) The fact that the first contempts occurred during the regular session and the second during the recalled session of the grand jury is irrelevant;

3) The maximum statutory penalty is $10,000 or one year incarceration or both for contempt of a witness arising out of neglect or refusal to answer questions involving the same or similar subject matter before a grand jury sitting in either

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4–6] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

38 Am Jur 2d, Grand Jury §§ 37, 38.

58 Am Jur, Witnesses § 36 *et seq.*

Privilege against self-incrimination as to testimony before grand jury. 38 ALR2d 225.

Matters within investigating power of grand jury. 120 ALR 437.

[2, 4] 38 Am Jur 2d, Grand Jury §§ 10, 39–41.

regular or recalled session with the subject matter properly before it.

Defendants discharged.

1. GRAND JURY—WITNESSES—CIVIL CONTEMPT—PUNISHMENT.

Witnesses before a grand jury cannot properly be imprisoned for two terms totaling more than one year for failure to answer the same or similar questions before the same grand jury, once sitting in "regular" session and once in recalled session; the Legislature established a one-year maximum punishment for any witness who neglects or refuses to answer any questions before the grand jury concerning any matter or thing of which the witness has knowledge concerning matters before the grand jury (MCLA 767.19c).

2. GRAND JURY—TERM—BEGINNING AND END—SECRECY.

The dates of the beginning and end of a grand jury term should not be kept secret.

3. GRAND JURY—WITNESSES—CIVIL CONTEMPT—STATUTES.

The statute providing for punishment of a witness for refusal to answer any questions concerning a given matter or thing subject to grand jury scrutiny is concerned entirely with the focus of the questioning, i.e., whether it was about a given "matter or thing", not with the chronology of the questioning or whether the questions were asked on one, two, or three different occasions (MCLA 767.19c).

4. GRAND JURY—WITNESSES—CIVIL CONTEMPT—PUNISHMENT—RE-CALLED SESSION.

The procedural stage, regular or recalled session, at which a grand jury is operating has no relevance to its extraordinary powers to compel testimony through grant of immunity and, conversely, to its power to seek punishment of a witness for refusal to testify; the grand jury, by virtue of its gathering in recalled session, is not thereby invested with a clean slate in order to start the process of investigation completely over again (MCLA 767.7a, 767.19c).

5. GRAND JURY—WITNESSES—CIVIL CONTEMPT—PUNISHMENT.

The Legislature has enacted a maximum statutory penalty of $10,000 or incarceration for one year, or both, in cases of testimonial contempt arising out of neglect or refusal to answer questions involving the same or similar subject matter before a grand jury lawfully sitting either in "regular" or recalled

session with such subject matter properly before it (MCLA 767.19c).

6. GRAND JURY—WITNESSES—CIVIL CONTEMPT—PUNISHMENT—MAXIMUM.

The maximum permissible incarceration for contempt arising from a single citizens' grand jury, in regular and/or extended session, is one year, no more (MCLA 767.19c).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Roy C. Hayes,* Director Wayne County Organized Crime Task Force Section, and *John E. Steele,* Assistant Prosecuting Attorney, for the people.

*Michael F. Sapala, Frederick B. Bellamy,* and *Alan G. Gilchrist,* for defendants.

WILLIAMS, J. Defendants in this matter raise a number of significant issues regarding the propriety of the citizens' grand jury and allied proceedings in the instant case which culminated in their serving sentences for two instances of civil contempt for a period of more than one year. The single dispositive question we resolve today is whether defendants can properly be imprisoned for two terms totaling a sentence of more than one year for failure to answer the same or similar questions before the same grand jury, once sitting in "regular" session and once in recalled session, after the Legislature, in MCLA 767.19c; MSA 28.959(3), has established a one-year maximum punishment for "[a]ny witness who neglects or refuses * * * to answer any questions before the grand jury concerning any matter or thing of which the witness has knowledge concerning matters before the grand jury". We hold that defendants cannot be so sentenced.

## I —Facts

Defendants, after being granted immunity, were twice found to be in civil contempt for their refusal to answer questions regarding solicitation of injury cases when called before the Wayne County Citizens' Grand Jury.

After the first such occasion, defendant Arthur Jimerson was sentenced (April 1973) to one year's imprisonment or until he purged himself of the contempt; the two remaining defendants, James Walker, Jr., and James Walker, Sr., were sentenced (August 1973) to imprisonment until the grand jury's term expired or until they, similarly, purged themselves of their contempt. While the grand jury's expiration date and recall dates have been kept secret, even from this Court,[1] it is conceded by both parties for purposes of this appeal that the grand jury's original term expired prior to the second set of refusals to answer questions which occurred on January 31, 1974, and that this second set of testimonial refusals occurred after the grand jury was recalled, apparently some time in mid-January, 1974.

On February 2, 1974, found guilty of contempt the second time, all three defendants were sentenced to imprisonment for a second consecutive

---

[1] Counsel for the Wayne County Organized Crime Task Force at oral argument before this Court conceded that the dates of beginning and end of the grand jury term should not have been kept secret. These dates continue not to be, to our knowledge, a matter of public record. Given the agreement by the parties as to the approximate periods in question, there is no necessity, due to our disposition today, to determine these dates for purposes of deciding this case. However, we do note that we see no reason in law or logic why these dates should have been kept secret. In fact, recognizing that defendants Walker were originally sentenced to confinement "until the term of the Grand Jury expired", it appears to us unconscionable, at the least, not to have informed the Walkers' counsel of the expiration date of the grand jury's term and to have arranged, at that point, for their release.

term, commencing February 1, 1974, of 11 months, 14 days. An order of contempt was issued April 8, 1974, *nunc pro tunc* as of February 1, 1974.

Wayne Circuit Judge Foley denied defendants' motions to set bond pending appeal of the second contempt judgments and to set aside those judgments. This Court subsequently granted defendants' application for leave to appeal, prior to a decision of the Court of Appeals, on May 16, 1974, concurrently admitting defendant Jimerson to $500 bond. 391 Mich 829. On October 2, 1974, this Court admitted both defendants Walker to $500 bond. All three defendants, at the time of their admission to bond, had served prison terms exceeding one year due to their contempt convictions.

## II —Statutes on Point

The crux of this case involves interpretation of two relatively recent (1970) statutory provisions. MCLA 767.19c; MSA 28.959(3), reads in its entirety, as follows:

"Any witness who neglects or refuses to appear or testify or both in response to a summons of the grand jury or to answer any questions before the grand jury concerning any matter or thing of which the witness has knowledge concerning matters before the grand jury after service of a true copy of an order granting the witness immunity as to such matters shall be guilty of a contempt and after a public hearing in open court and conviction of such contempt shall be fined not exceeding $10,000.00 or imprisoned not exceeding 1 year, or both. If the witness thereafter appears before the court to purge himself of such contempt, the court shall order the recalling of the grand jury to afford such opportunity, and after appearance of the witness before the grand jury upon a transcript of the testimony there and then given, the witness shall be brought before the court and after examination, the court shall determine

whether the witness has purged himself of the contempt and shall commute the sentence upon a finding that the witness has purged himself."

MCLA 767.7a; MSA 28.947(1), in relevant part, reads as follows:

"[T]he term of service of grand jurors shall be 6 months unless extended by specific order of the judge who summoned such jurors or his successor for an additional period not to exceed 6 months, except that the grand jurors may be recalled at any time by the judge who summoned such jurors or by his successor to conclude business commenced during their term of service."

### III —Total Contempt Sentences Exceeding Statutory Maximum Improper

In MCLA 767.19c; MSA 28.959(3), the Legislature has provided, *inter alia,* that witnesses before the citizens' grand jury, after a grant of immunity, may be punished to the extent provided in that statute, for refusal "to answer *any questions before the grand jury concerning any matter or thing* of which the witness has knowledge concerning matters before the grand jury". (Emphasis added.) It is conceded that all episodes of contempt in the instant case involve refusals to answer identical or similar questions involving the same subject matter.

Plaintiff urges this Court to rule that, regardless of the common subject matter, the episodes of testimonial refusal here were *separate* events creating, accordingly, independent and separate instances of contempt. *Cf. In re Ward,* 295 Mich 742; 295 NW 483 (1940); *In re Spalter,* 31 Mich App 458; 188 NW2d 67 (1971). Defendants contend, on the other hand, that the various episodes consti-

tute one continuing offense in an "area of refusal" carved out by the recalcitrant witnesses in the first instance of questioning. *Cf. Yates v United States,* 355 US 66; 78 S Ct 128; 2 L Ed 2d 95 (1957). There is no need to resolve this aspect of the case.

Whether we are talking about one continuing or two separate instances on these facts, the statute on point, MCLA 767.19c; MSA 28.959(3), is, in either case, applicable. It provides that refusal to answer *any* questions concerning a given matter or thing subject to grand jury scrutiny is punishable by the prescribed penalties. The statute makes no mention of the chronology of the questioning or whether the questions were asked on one, two, or three different occasions; the reference in the statute is entirely to the focus of the questioning, *i.e.,* was it about a given "matter or thing". If so, it is covered by the statutory penalties.

To hold otherwise—to hold that MCLA 767.19c; MSA 28.959(3) permits each occasion identical or similar questions are asked of a recalcitrant witness on multiple occasions, to be independently punishable by a maximum incarceration of one year to be served in consecutive terms, is, effectively, to abrogate the statutory maximum penalty provisions, thereby rendering contemnors' sentences potentially infinite. Witnesses could be continuously shuttled back and forth before a grand jury, creating multiple instances of contempt, without reference to the fact that the improper act is, in each instance, the same.[2] The language of the statute gives no support to such a position nor will we ascribe to the Legislature such a bizarre and unreasonable intent.

---

[2] We do not suggest that the prosecutor's office in the instant case acted in such a manner. We merely point out the hypothetical potential for abuse in such a situation.

Further, we can see no relevant significance to the fact that the first episodes of contempt occurred during the "regular" term of the citizens grand jury while the second set of contempts fell during a meeting of the same grand jury sitting in recalled session pursuant to MCLA 767.7a; MSA 28.947(1). It is clearly erroneous to contend that we are talking about two *different* grand juries.[3] The procedural stage at which a grand jury is operating has no relevance to its extraordinary powers to compel testimony through grant of immunity and, conversely, to its power to seek punishment of witnesses for refusal to testify.

In other words, the citizens' grand jury, by virtue of its gathering in recalled session, is not thereby invested with a clean slate in order to start the process of investigation completely over again. Recall of the grand jury can only lawfully be accomplished in order to "conclude business commenced", MCLA 767.7a; MSA 28.947(1), or, at the request of a convicted contemnor in order "to purge himself of * * * contempt", MCLA 767.19c; MSA 28.959(3).

In sum, we find that the Legislature has enacted in MCLA 767.19c; MSA 28.959(3) a maximum statutory penalty of $10,000 and/or incarceration for one year in cases of testimonial contempt arising out of neglect or refusal to answer questions involving the same or similar subject matter before a grand jury lawfully sitting either in "regular" or recalled session with such subject matter properly before it.[4]

---

[3] The instant case should be contrasted, however, with *In re Colacasides,* 379 Mich 69, 76–81; 150 NW2d 1 (1967), where two entirely different one-man grand juries were exploring similar subject matter. We express no opinion today on the applicability of today's holding of the Court to such a situation.

[4] We express no opinion today, however, on the power of a court acting under MCLA 767.19c; MSA 28.959(3) to impose multiple con-

## IV —Conclusion

We do not intend, nor, we are confident, did the Legislature in its enactment of MCLA 767.19c; MSA 28.959(3), to condone nor lessen the gravity of the offense of contempt before a citizens' grand jury. The result of the instant contempts has apparently been to stifle almost entirely an important and significant investigation. We would point out as well that the Legislature, in enacting this statute, actually *increased* the penalty involved for this crime by extending possible imprisonment past the expiration date of a citizens' grand jury's term.[5] Whether the present statutory penalties for contempt provide sufficient deterrent from refusal to testify, having in mind the human equation is for the Legislature not the Courts to determine. The Legislature has spoken in the instant case after balancing the harm done to society with the protection of individual liberties. Its message with respect to the punishment involved is clear—the maximum permissible incarceration for this conduct arising from a single citizens grand jury, in regular and/or extended session, is one year, no more. The courts have no inherent authority to push beyond that legislative prescription.

Defendants, having served more than one year already, are accordingly discharged.

T. G. KAVANAGH, C. J., and T. M. KAVANAGH, SWAINSON, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with WILLIAMS, J.

secutive sentences relating to multiple occasions of identic contempt where the *total* of such sentences does not exceed the statutory maximum.

[5] *See* for an insightful discussion of civil contempt before a grand jury both prior and subsequent to passage of MCLA 767.19c; MSA 28.959(3), Justice (then Judge) LEVIN's opinion in *Spalter v Wayne Circuit Judge,* 35 Mich App 156; 192 NW2d 347 (1971).