BOYLE v. BERG.

1. JUDGMENTS—COURTS SPEAK THROUGH JUDGMENTS AND DECREES.
    Courts speak through their judgments and decrees, not through their opinions.

2. SAME—ORDER OF COURT MAY NOT BE IMPEACHED.
    An order entered and signed by the circuit judge may not be impeached in mandamus proceedings against the clerk of the court to compel him to approve an appeal bond.

3. MANDAMUS—APPEAL BOND—APPROVAL BY CLERK.
    Mandamus will not lie to compel the clerk of the court to approve an appeal bond signed by an individual surety, where the order of the court required the filing of a surety company bond.

Separate petitions for mandamus by Robert E. Boyle to compel Oscar Berg, Muskegon county clerk, to approve surety bonds.   Submitted October 25, 1927. (Calendar Nos. 33,317, 33,318.)   Writs denied April 3, 1928.

---

[1]Judgments, 33 C. J. § 6; [2]Motions and Orders, 42 C. J. § 278; [3]Mandamus, 38 C. J. § 108.

*John G. Anderson,* for plaintiff.

*Harold H. Smedley,* for defendant.

Growing out of an automobile accident, two cases were brought in the Muskegon circuit court against Robert E. Boyle; one by Eugene Pierce, and the other by Marie E. Pierce, and default judgments were entered in both of them.    Mr. Boyle moved that both judgments and defaults be set aside.    An order was entered in each case.    We quote from one of the orders.    After reciting the bringing on of the motion the following order was made:

"It is ordered, by the court, now here, that, for the reasons set forth in the opinion filed in said cause, said motion be and the same is hereby granted, upon the condition that said defendant file with the clerk of this court, on or before the 9th day of August, 1927, a surety company bond to be approved by such clerk in the sum of $1,250, conditioned to pay any judgment that may be rendered against said defendant in said cause within thirty days after the rendition thereof, or, in case of an appeal to the Supreme Court, from the final disposition of said cause in said last mentioned court, and upon payment to said clerk of an attorney fee of $10, together with $10 for the expenses of the sheriff of said county in advertising the property heretofore levied upon for sale.    It is further ordered that in case such bond is not filed and costs paid as above provided, that said judgment and default and all proceedings taken thereunder be and remain in full force and effect."

Mr. Boyle's attorney tendered to defendant here, clerk of the court, a bond in each case signed by an individual surety.    He claims that the opinion of the trial judge as originally announced required a surety bond, not a surety company bond.    The return states that the clerk investigated the responsibility of the surety and found that it was not as claimed by him, but put his refusal to approve the bond on the ground

that it did not comply with the order of the court. He states that he consulted the circuit judge and was advised by him that the bond did not comply with the order of the court.      In each case Mr. Boyle seeks to compel the defendant clerk to approve the bond tendered.

FELLOWS, J. (*after stating the facts*).      Both cases will be disposed of in one opinion, as the facts are identical.      Plaintiff's counsel has traversed the return, and asks for the framing of an issue to determine the questions of whether the surety had the property he claimed to own and was worth the amount he claimed he was, and whether the order as entered in the journal and as signed by the circuit judge was in accordance with the opinion of the circuit judge as originally announced by him.      He also asks that the issue be tried by a circuit judge other than the judge of the Muskegon circuit.      We must decline to frame such an issue.      It could not benefit plaintiff's case. We may assume, for the purposes of the case, that the individual surety is worth all that he claims to be worth.      But on the other question it is patent that the order entered in the journal of the court, approved and signed by the circuit judge, can not be attacked by evidence, if it is obtainable, that the trial judge did not, by using the words "surety bond," have reference to a surety company bond, and that therefore the order went further than the opinion.      Courts speak through their judgments and decrees, not through their opinions.      *Harnau* v. *Haight,* 212 Mich. 66.      The order as entered and signed by the circuit judge may not be impeached in this proceeding against the clerk.

The clerk drew his authority to approve bonds in these cases solely from the orders of the court.      The bonds tendered did not comply with the requirements

of the orders.    This is a complete answer to plaintiff's prayer for mandamus.

The writs will be denied, with costs to defendant.

WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.    NORTH, J., did not sit.

The late Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.