*In re* SPALTER

1. GRAND JURY—WITNESSES—IMMUNITY—SCOPE OF IMMUNITY.

The immunity granted a grand jury witness pursuant to statute is coextensive with a defendant's Fifth Amendment privilege; the immunity granted is absolute (MCLA 1971 Cum Supp § 767.19b).

2. GRAND JURY — WITNESS — IMMUNITY — ORDER OF IMMUNITY — VALIDITY.

The order granting a grand jury witness immunity is valid when it is signed by the presiding judge even though the grand jury was summoned by the circuit bench *en banc* where the presiding judge signed the order summoning the grand jury (MCLA § 767.19a).

3. CONTEMPT—CONTEMPT OF COURT—GRAND JURY.

Court was not required to order the defendant to answer questions posed by the grand jury before it found the defendant guilty of contempt of court where the petition for the order to show cause was for contempt for refusal to answer questions before the grand jury after being granted immunity (MCLA 1971 Cum Supp § 767.19c).

4. COURTS—ORDERS—OPINIONS—EFFECT.

A court speaks by its orders, not its opinion.

5. GRAND JURY—CONTEMPT—MULTIPLE CONTEMPTS.

Each appearance by a witness before a grand jury is a separate event creating the possibility of separate contempts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur 2d, Grand Jury § 38.
[1, 2] Privilege against self-incrimination as to testimony before grand jury.   38 ALR2d 225.
[2] 38 Am Jur 2d, Grand Jury §§ 38, 39.
    58 Am Jur, Witnesses §§ 36 *et seq.*, 93.
[3] 17 Am Jur 2d, Contempt §§ 6, 30, 32.
[4] 20 Am Jur 2d, Courts § 70.
[5] 17 Am Jur 2d, Contempt §§ 13, 14.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket Nos. 10082, 10129.)   Decided March 22, 1971.   Leave to appeal denied April 8, 1971.   384 Mich 823.

Louis Spalter was convicted of two counts of contempt for refusal to answer questions before a Wayne County Grand Jury after having been granted immunity. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Kent B. Willis,* for defendant.

Before: QUINN, P. J., and DANHOF and O'HARA,* JJ.

QUINN, P. J.   These appeals are from two orders, dated August 17, 1970, and August 21, 1970, adjudging defendant in contempt of court and sentencing him for such contempt.

Defendant was subpoenaed to appear July 23, 1970, before a citizens' grand jury duly convened by order of the Wayne County Circuit Court.   He did appear pursuant to the subpoena and he was sworn as a witness.   He refused to answer one of three questions on the ground that the answer might tend to incriminate him.

July 23, 1970, the prosecuting attorney filed an application and petition for an order granting

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant immunity. The same day the presiding judge of the Wayne County Circuit Court signed an order which provided that:

"Louis Spalter shall appear and testify before the grand jury as to those matters set forth in the aforesaid application and petition of the prosecuting attorney, and he shall thereafter be held immune from any criminal prosecution growing out of the events about which he testifies before the grand jury, as provided in CL 1948, § 767.19b, as amended by act No 9, PA 1970."

A true copy of the order, application, and petition were served on defendant July 23, 1970. The petition specified the matters concerning which the prosecuting attorney proposed to interrogate defendant.

July 23, 1970, defendant returned before the grand jury and refused to answer 17 questions on the ground that the answers might tend to incriminate him. Defendant was served with another subpoena requiring his appearance before the grand jury August 10, 1970.

July 31, 1970, an order granting leave to disclose testimony of defendant before the grand jury pertinent to the petition for order to show cause to be instituted by the prosecuting attorney was signed and filed. August 3, 1970, defendant filed a motion to suppress the subpoena which required his appearance before the grand jury August 10, 1970. This motion was heard August 7 and August 10, 1970, and on the latter date, the motion was denied and defendant was ordered to appear before the grand jury forthwith.[1]

---

[1] Apparently defendant agreed on August 7, 1970, to appear before the grand jury forthwith in the event his motion to suppress the subpoena was denied.

August 10, 1970, defendant again appeared before the grand jury and refused to answer 207 questions on the ground that the answers might tend to incriminate him. Most of these questions related to the matters specified in the prosecuting attorney's petition in support of the application for grant of immunity as areas of inquiry to be addressed to defendant.

August 10, 1970, the prosecuting attorney filed a petition for an order to show cause why defendant should not be found in contempt as provided in MCLA 1971 Cum Supp § 767.19c, as added by PA 1970, No 9 (Stat Ann 1971 Cum Supp § 28.959[2]), for his failure to answer 224 questions before the grand jury, the specific questions were attached to the petition. The affidavit of the prosecuting attorney in verification of this petition was dated August 7, 1970, three days before defendant refused to answer 207 of the 224 questions. The order to show cause issued and on August 10, 1970, defendant was served with copies of the order and the petition.

Defendant failed to appear August 14, 1970, as required by the foregoing order, but he did appear August 7, 1970, after the trial judge had issued a body attachment for him. At the hearing August 17, 1970, defendant questioned the validity of the hearing because the jurat on the petition predated the alleged refusal of defendant to answer 207 questions on August 10, 1970. After much wrangling, the trial judge restricted the show cause hearing to the 17 questions asked and not answered July 23, 1970. Defendant then conceded that these questions were asked, that he had been granted immunity, and that he still refused to answer. He argued that his refusal to answer was based on his

doubt as to the validity and extent of the grant of immunity.

At the conclusion of the August 17, 1970 hearing, defendant was found in contempt for his refusal to answer questions before the grand jury after being served with a valid order granting immunity. He was sentenced to serve six months in the Detroit House of Correction or until the expiration of the grand jury or until he purged himself. He was granted bail pending appeal.

August 17, 1970, the prosecuting attorney filed a petition for order to show cause why defendant should not be found in contempt pursuant to MCLA 1971 Cum Supp § 769.19c, added by PA 1970, No 9, which petition was sworn to after all 224 questions were asked of and not answered by defendant. The order to show cause issued and the hearing pursuant to it was held August 21, 1970. Defendant stipulated that the 207 questions were asked of him and that he refused to answer them on the basis of the Fifth Amendment in spite of the order of immunity. Defendant was again found in contempt and he was given the same punishment he was given August 17, 1970.

CL 1948, § 767.19b, added by PA 1970, No 9 (Stat Ann 1971 Cum Supp § 28.959[b]) referred to in the order granting immunity reads in pertinent part:

"The order granting immunity shall extend to all related questions which may thereafter be put to the witness and he shall not be prosecuted for any offense which is discovered as a result of any answers to a question put to him irrespective of the degree of knowledge provided to the questioning authority. No person required to answer such questions shall thereafter be prosecuted for any offense concerning which such answers may have tended to incriminate him."

This statutory provision is broader than the statutory provision involved in *In re Colacasides* (1967), 379 Mich 69,[2] because it specifically covers "any offense which is discovered as a result of any answers" as well as "any offense concerning which such answers may have tended to incriminate". Here, as in *Colacasides,* the immunity order explicitly says that the immunity grant is in accordance with the statute. The statute gives immunity coextensive with the defendant's Fifth Amendment privilege, *Colacasides, supra.*

Defendant's argument to the contrary is untenable. By taking the single phrase "he shall not be prosecuted for any offense which is discovered as a result of any answers to a question", defendant argues that the statutory immunity is not absolute, as it must be. We cannot ignore the statutory language, "no person required to answer such questions shall thereafter be prosecuted for any offense concerning which such answers may have tended to incriminate him", as does defendant. When the total statutory language is considered, the immunity granted is absolute.

The remaining issues raised are noted and disposed of as follows:

1. The order granting immunity is invalid because it is based on a false petition. The alleged falsity is based on the fact that the petition alleged that defendant "refused to answer questions on the grounds that the answers might incriminate him", when in fact, one question was involved. We decline to dignify the argument by further comment.

2. The order granting immunity is invalid because it is signed by the presiding judge and the Wayne bench *en banc* ordered the summoning of the grand jury. The statute requires the judge who

---

[2] MCLA § 767.6 (Stat Ann 1954 Rev § 28.946).

summoned the jury to sign the order of immunity. MCLA 1971 Cum Supp § 767.19a (Stat Ann 1971 Cum Supp § 28.959[1]). The presiding judge signed the order summoning the jury.

3. Alleging that the contempt charged was contempt of court and not contempt of the grand jury, defendant asserts he was never ordered to answer by the court, hence no contempt. The petition for order to show cause was for contempt under the provisions of MCLA 1971 Cum Supp § 767.19c, added by PA 1970, No 9, and the contempt found was under this statute. No order or direction was required.

4. Defendant asserts he requested and was denied an explanation of his proposed immunity as limited by the matters before the grand jury, hence, he was denied due process. The record does not support this assertion. Defendant asserted that he was entitled to know the "scope of the questions". (Transcript August 21, 1970, page 25). The area of proposed questions was specified in the petition for order granting immunity, a copy of which was served on defendant.

5. By quoting comments of the trial judge out of context, defendant argues improper standards were imposed in determining guilt. A court speaks by its orders, not its opinions. *Boyle* v. *Berg* (1928), 242 Mich 225. The order here involved found defendant in contempt, "for his refusal to answer questions before the Wayne county citizens' grand jury after being served with a valid order granting him immunity".

6. Defendant claims he was inveigled into the jurisdiction and that service of the subpoena was therefore invalid. The record discloses that defendant was on probation to Recorder's Court. As

a condition precedent to obtaining permission of that court to live outside the state, he agreed to return whenever requested. He was requested and he did return.

7. On a "splitting of cause of action" theory, defendant argues that two contempt proceedings for identical events are improper, hence the second order of contempt is a nullity. Each appearance by a witness before a grand jury is a separate event creating the possibility of separate contempts. Additionally, the sentences on both orders run concurrently and no prejudice is shown.

Affirmed. Defendant's bond is cancelled and he is ordered to commence serving his sentence forthwith.

All concurred.