PEOPLE v HILL

1. COURTS—WRITTEN ORDERS—VERBAL DECISIONS—CRIMINAL LAW—
   PROBATION—CONDITIONS OF PROBATION—CHILD SUPPORT.

   A court speaks through its written orders, not through its verbal
   decisions; therefore, a judge's verbal requirement that a defend-
   ant maintain his child support payments while on probation
   was not a condition of the defendant's probation where no
   mention of the child support payments was inserted in the
   written order of probation.

2. CRIMINAL LAW—PROBATION—PROBATION REVOCATION—CONDITIONS
   OF PROBATION.

   A defendant's revocation of probation and subsequent sentence to
   imprisonment must be reversed where the trial judge consid-
   ered evidence relating to child support, although the making of
   child support payments was not a condition of probation and
   the charges of nonpayment were neither stated in the notice of
   probation violation nor mentioned in open court before the
   probation violation hearing.

Appeal from Livingston, Paul R. Mahinske, J. Submitted April 7, 1976, at Lansing. (Docket No. 24969.) Decided May 18, 1976.

Donald L. Hill was convicted, on his plea of guilty, of uttering and publishing and was placed on probation. Probation was revoked and defendant sentenced to prison. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kizer, Jr.,* Prosecuting Attorney, and *Albert J. Gladner,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 73.

*Lawrence R. Greene,* for defendant on appeal.

Before: T. M. Burns, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. Defendant appeals his probation revocation which resulted in a sentence of imprisonment for a period of not less than 6 nor more than 14 years upon his original conviction for uttering and publishing, MCLA 750.249; MSA 28.446.

On appeal defendant contends that in revoking his probation the trial judge erroneously considered evidence of non-payment of child support and that the trial judge revoked defendant's probation partially on that evidence. We agree and reverse.

The facts pertinent to the resolution of the issue confronting us on appeal are as follows.

On April 30, 1974, the defendant pled guilty to the offense of uttering and publishing, MCLA 750.249; MSA 28.446, and was thereafter, on June 4, 1974, sentenced to probation for a period of 42 months with the first 6 months to be spent in the county jail.

Review of the sentencing transcript reveals that the trial judge made the following statement:

"When you get out one of your conditions of probation is going to be that you keep up the child support payments."

Whether by neglect, inadvertence or oversight, no mention of making child support payments was inserted in the June 4, 1974, order of probation. Since a court speaks through its written orders, not through its verbal decisions, *Hartman v Roberts-Walby Enterprises, Inc,* 380 Mich 105; 155 NW2d 842 (1968), *Hosner v Brown,* 40 Mich App

515, 531; 199 NW2d 295 (1972), we conclude that it was not a condition of defendant's probation that he maintain or keep up his child support payments.

On May 16, 1975, defendant's supervising probation agent petitioned the court for a bench warrant and a probation violation hearing, alleging that the defendant had violated the terms of his probation in that defendant had failed to report to his supervising probation agent in February, March and April, 1975, and also in not making any payments on the costs of probation supervision as ordered by the court in the probation order. The court signed an order for a bench warrant and a probation hearing the same date.

At a hearing held on July 1, 1975, defendant was found, by the court, to have violated the terms and conditions of his probation. The court thereafter revoked defendant's probation and sentenced him to imprisonment in the state prison as set forth above.

If this was all there was to the proceedings we would have little difficulty in affirming the trial court since there is ample evidence in the record that defendant violated the probationary order as alleged. However, at the probation revocation hearing the following colloquy took place between the court and the defendant, who was not represented by counsel:

"*The Court:* * * * How is your child support arrearage?

"*The Defendant:* The last time I come in here Mr. Pikkarainen said I would have to contact him after I found out about probation.

"*The Court:* Is your wife still on ADC?

"*The Defendant:* I have no idea.

"*The Court:* On June 4, 1974, Mr. Hill, I told you that

I was going to put you in jail for six months to attract your attention, which I did. *I put you on probation for three and a half years, for you to* make monthly payments, monthly reports, restitution, *keep your child support up,* and that if you were a probation violator, I would most likely be sending you to Jackson Prison.

\* \* \*

"It is the opinion of this Court that apparently probation does not mean much to you. Your liberty means even less.

\* \* \*

"It is the judgment of this Court inasmuch as you violated your provisions of probation substantially that you be committed to the Michigan Corrections Department at Jackson, Michigan, to be confined in such penal institution of the state as it shall direct under the provisions of the Michigan Code of Criminal Procedure, the Michigan Penal Code and the Department of Corrections Act and any amendments thereto.

"I fix your minimum sentence of such imprisonment at SIX (6) years from and after today. The maximum over which I have no control, having been set by the legislature at FOURTEEN (14) years is therefore FOURTEEN (14) years.

"Your sentence is SIX (6) to FOURTEEN (14) years for probation violation on your Uttering and Publishing Charge.\* \* \* " (Emphasis supplied.)

Review of the record leads us to the following conclusions. First, the probation order was silent as to child support payments and the making of child support payments was not a condition of probation for the reasons previously stated. Second, the record clearly indicates that the trial judge considered evidence relating to child support. Why he did so is unclear although apparently he was under the impression that the making of child support payments was a condition of probation, which it was not. Third, such charges were not stated in the notice of probation violation

or mentioned in open court before defendant's hearing.

Under these circumstances we hold that then Judge, now Justice, LEVIN's opinion in *People v Elbert,* 21 Mich App 677; 176 NW2d 467 (1970), mandates reversal of defendant's probation revocation and subsequent sentence to imprisonment.

Defendant should be given another opportunity to demand counsel and to plead to the probation violation charges. Accordingly, defendant is remanded to the custody of the sheriff of Livingston County for further proceedings on the probation violation charges lodged against him before a different judge.

Reversed and remanded.