KADRI v FORD MOTOR COMPANY

Docket No. 67828. Submitted January 17, 1984, at Detroit.—Decided
   March 9, 1984.
   Ahmad Kadri applied for workers' compensation benefits in 1971
      for an injury sustained while employed at Ford Motor Com-
      pany. The hearing officer ordered compensation to be paid for
      the period from January, 1971, to August, 1972. Attached to
      the order was an addendum which recommended, among other
      things, that defendant Ford voluntarily continue paying bene-
      fits beyond the period ordered until it could be shown that
      benefits should be, in good faith, terminated. In 1981, a hearing
      was held to clarify the original decision. The hearing officer
      concluded that his original award was a "closed" one and that
      any benefits paid beyond August, 1972, were voluntary. Plain-
      tiff appealed to the Workers' Compensation Appeal Board,
      which reversed, holding that the findings in the addendum to
      the original award established a continuing disability and,
      therefore, an "open" award. Defendant appealed.
      1. Plaintiff's allegation on appeal that the WCAB decision is
      not a final order and is therefore not appealable is without
      merit. The Court of Appeals has jurisdiction to consider the
      appeal.
      2. The original order of the hearing officer clearly intended a
      closed award. The addendum was merely the officer's opinion
      indicating how he resolved the issues involved and was not
      intended to modify the clear and unambiguous order of a closed
      award. The Bureau of Workers' Disability Compensation, like a
      court, speaks through its orders, not its opinions. The WCAB
      erred in ignoring the unambiguous order.
      Reversed.

1. APPEAL — FINAL ORDERS.
   An order is final, and thereby appealable, where nothing remains
      to be done in the cause; that is, where it fully decides and
      disposes of the whole merits of the cause and leaves no further

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 584, 585.
   4 Am Jur 2d, Appeal and Error §§ 50, 51.

questions therein for future judgment, although ministerial and administrative action may be necessary to settle the details of the action.

2. COURTS — ADMINISTRATIVE LAW — ORDERS — OPINIONS.

A court, or administrative tribunal, speaks through its orders, not its opinions, and the parties are not bound by opinions or statements seeking to define the extent of the orders.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries),* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* of counsel to *Michael Riley,* for defendant.

Before: SHEPHERD, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant appeals by leave granted from the October 14, 1982, decision of the Workers' Compensation Appeal Board (WCAB). The WCAB reversed the hearing officer's finding that his decision of December 7, 1972, was a "closed" award.

Plaintiff originally filed a petition for hearing dated March 23, 1971, alleging disability due to a slip and fall which occurred on August 18, 1970. After a hearing on the matter, the hearing officer ordered compensation benefits payable for a period beginning January 18, 1971, and ending August 20, 1972. However, the hearing officer attached an addendum to the "green sheet" which contained ambiguous findings and which at times contradicted his order. For example, the addendum contained the recommendation that defendant voluntarily continue paying benefits beyond the period required under the order until such time as "there

* Circuit judge, sitting on the Court of Appeals by assignment.

would be a basis to show * * * that weekly benefits have been or should, in good faith, be terminated". Neither party appealed from this decision.

On March 4, 1981, a Rule V hearing was held before the original hearing officer for the purpose of interpreting his decision of December 7, 1972, *i.e.*, to determine whether it provided for an open or closed award. At the conclusion of this hearing the hearing officer found that benefits paid by defendant subsequent to August 21, 1972, were voluntary in nature and that defendant had fully complied with his earlier order. Plaintiff appealed to the WCAB, which reversed the hearing officer. The WCAB construed the findings contained in the addendum to the 1972 decision as establishing a continuing compensable disability, thus requiring, as a matter of law, an open award.

The first issue presented is whether this Court has jurisdiction to consider defendant's appeal. Plaintiff contends that the decision of the WCAB interpreting the 1972 decision of the hearing officer is not a final order but an interlocutory order. It is apparent that the decision of the WCAB on this matter is, contrary to plaintiff's assertions, a final order. See MCL 418.861; MSA 17.237(861); *Ritzer v Ritzer,* 243 Mich 406, 412; 220 NW 812 (1928); *Wurzer v Geraldine,* 268 Mich 286, 289-290; 256 NW 439 (1934).

The second issue presented is whether the WCAB erred in reversing the hearing officer's finding that his decision of December 7, 1972, was a "closed" award.

The question to be resolved is just what constituted the "order" of the hearing officer. Plaintiff contends that the green sheet plus the two-page addendum must be read together. However, a careful review of the hearing officer's decision

compels the conclusion that his order was contained on the green sheet, in the sections specifically set aside for the announcement of his order. The green sheet provides separate sections for announcing open and closed awards; the hearing officer utilized § 1, and thus his intent to render a closed award cannot reasonably be disputed. The addendum, on the other hand, can accurately be described as the hearing officer's opinion, in that it contains his thoughts and doubts about the case. The hearing officer indicates the evidence which he relied upon when making his findings of fact and how he resolved issues such as the credibility of the witness. An order typically contains conclusions; an opinion describes how and why the writer came to such conclusions. Thus, it is clear that the addendum is merely an opinion written by the hearing officer which was in no way intended to modify the clear and unambiguous order, contained on the green sheet, of a closed award.

Since the two-page addendum was the hearing officer's opinion, and not a part of the order, anything stated in the opinion which tends to contradict the order should have been ignored. "A court speaks by its orders, not its opinions." *In re Spalter,* 31 Mich App 458, 464; 188 NW2d 67 (1971); *Joslin v 14th Dist Judge,* 76 Mich App 90, 96; 255 NW2d 782 (1977), *lv den* 402 Mich 833 (1977); *Nemes v Smith,* 37 Mich App 124, 126; 194 NW2d 440 (1971). The parties are not bound by opinions or statements of the court seeking to define the extent of the court's judgment. *Nott v Gundick,* 216 Mich 217, 222; 184 NW 864 (1921). By holding that the hearing officer's reference in his opinion to a "continuing disability" on plaintiff's part requires, as a matter of law, that his

order be ignored, the WCAB violated the well-established rules cited above.

The only issue before the board was the interpretation of the hearing officer's 1972 order. Thus, the WCAB was not entitled to ignore the unambiguous order in favor of implementing an ambiguous and contradictory opinion.

This result is not unfair to plaintiff. If he disagreed with the hearing officer's decision to grant benefits for the period from January 18, 1971, to August 20, 1972, plaintiff should have filed a claim for review back in 1972 in order to reargue the facts before the WCAB. Having failed to do so, he should not now be allowed to attack the order more than ten years later.

Reversed.