HALL v FORTINO

Docket No. 78151. Submitted February 13, 1985, at Lansing. Decided July 15, 1986.

Doctor Silvio Fortino ordered a routine chest x-ray for his patient, Phyllis Hall. The x-ray was taken on January 2, 1980, at Ingham Radiology Associates, P.C. (IRA) by Doctor Charles O. Long, an employee of IRA. An employee of IRA by telephone reported to Dr. Fortino that the x-ray was "essentially normal, unchanged." Dr. Long's written report indicated that there was no change from previous normal x-rays and that an increased density in the apex of the right lung was superficial and insignificant. On December 5, 1980, a subsequent x-ray taken at IRA revealed a tumor. On December 10, 1980, IRA discontinued serving Mrs. hall in a professional capacity. In May, 1981, an attorney engaged by Phyllis Hall and her husband, Arthur Hall, requested and received a copy of the January, 1980, x-ray and report. On January 11, 1982, Phyllis and Arthur Hall brought a malpractice action in Ingham Circuit Court against Dr. Fortino, claiming that he negligently failed to recognize in a timely fashion that Mrs. Hall had a tumor on her lung. On October 17, 1982, plaintiffs deposed Dr. Fortino and learned of the telephone report by the IRA employee following the January, 1980, x-ray. On November 2, 1982, plaintiffs filed a motion to amend the complaint and to add IRA and Dr. Long as parties defendant. On November 17, 1982, the circuit court, James T. Kallman, J., orally granted the motion. The order granting plaintiffs' motion was not entered until January 13, 1983. Defendants IRA and Long moved for accelerated judgment on the basis of the running of the period of limitation. The trial court granted the motion. Plaintiffs appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Limitations of Actions §§ 217 *et seq..*

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 318 *et seq..*

Time of discovery as affecting running of statute of limitations in wrongful death action. 49 ALR4th 972.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

1. The two-year period of limitation ran from December 10, 1980, the day the last professional service was rendered by IRA. The two-year period thus ran to December 10, 1982, unless the limitation period was tolled. The trial court properly held that the limitation period was tolled for the fifteen days between the filing of plaintiffs' motion to amend and add parties and the oral granting of that motion and for the five-day period contemplated in the court rules for reducing the oral decision to an order.

2. The trial court did not abuse its discretion by determining that the plaintiffs were not diligent in reducing the court's oral decision to an order and by refusing to toll the running of the limitation period during the plaintiffs' delay in reducing the matter to an order.

3. The trial court did not abuse its discretion by holding that plaintiffs discovered or should have discovered the claim against IRA and Dr. Long in May, 1981, when plaintiffs' former attorney received the x-ray and the report rather than in October, 1982, when Dr. Fortino's deposition was taken.

Affirmed.

1. LIMITATION OF ACTIONS — TOLLING — AMENDMENTS TO COMPLAINT — ADDITIONAL PARTIES DEFENDANT.

A statutory period of limitation is tolled during the pendency of a motion to amend a complaint and add parties defendant, provided that the plaintiff exercised due diligence in proceeding to secure the order to amend the complaint and add parties defendant.

2. NEGLIGENCE — MEDICAL MALPRACTICE — DISCOVERY OF CLAIM.

The question of whether the plaintiff in a medical malpractice action discovered or should have discovered a claim is a question of law for the court where it is undisputed that the plaintiff knew of the act or omission giving rise to the malpractice claim and had good reason to believe that the act or omission was improper or done in an improper manner (MCL 600.5838[2]; MSA 27A.5838[2]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *David K. Barnes, Jr.,* and *Susan B. Fellman*), for plaintiffs.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Brett J. Bean*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and
E. M. THOMAS,* JJ.

PER CURIAM. This is a medical malpractice ac-
tion based on the claim that Dr. Fortino negli-
gently failed to recognize that Mrs. Hall had a
tumor on her lung. Plaintiffs also claimed that this
condition was either unreported or misdiagnosed
by Ingham Radiology Associates, P.C. (IRA), and
Dr. Long, an employee of IRA. The trial court
granted accelerated judgment, GCR 1963, 116.1(5),
in favor of defendants Long and IRA based on the
running of the statute of limitations. Plaintiffs
appealed as of right.

On January 2, 1980, Dr. Fortino ordered a rou-
tine chest x-ray for Mrs. Hall because she was a
heavy smoker. Dr. Long, a radiologist, took and
interpreted the x-ray at IRA. On the same day, an
employee of IRA called and reported to Dr. Fortino
that the x-ray was "essentially normal, un-
changed." Dr. Fortino did not remember whether
the person who called him was a nurse or the
radiologist. Pursuant to IRA's usual practice, Dr.
Fortino received Dr. Long's written report several
days later. The report indicated that there was no
change from previous normal x-rays and that an
increased density in the apex of the right lung was
superficial and insignificant. On December 5, 1980,
a subsequent x-ray was taken at IRA which re-
vealed the tumor. On December 10, 1980, IRA
discontinued serving Mrs. Hall in a professional
capacity. Plaintiffs contend that the January 2,
1980, x-ray revealed a lesion in the apex of the
right lung and that defendants Long and IRA failed
to properly read, evaluate, and report the signifi-
cance of the x-ray.

In May, 1981, plaintiffs requested and received

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

the January 2, 1980, x-ray and report of Dr. Long. On January 11, 1982, plaintiffs filed suit against Dr. Fortino. On October 17, 1982, plaintiffs took Dr. Fortino's deposition. Plaintiffs' counsel contends that it was at this deposition that they learned for the first time that IRA had allegedly misreported Mrs. Hall's condition when Dr. Fortino testified that an employee of IRA had called him and reported that the x-ray was "essentially normal, unchanged." On November 2, 1982, plaintiffs filed a motion to amend to add Dr. Long and IRA as defendants. On November 17, 1982, the circuit court granted the motion. The order was not entered until January 13, 1983.

Defendants Long and IRA moved for accelerated judgment. They argued that the statutory period of limitation against defendant IRA expired December 10, 1982, two years after the date of IRA's last treatment. The trial court agreed and held that the period of limitation had run out on December 30, 1982, after calculating and applying the appropriate period of tolling during the pendency of the motion to amend. The court also found that plaintiffs knew or should have known of the claim when plaintiffs' prior counsel received the January 2, 1980, x-ray from Dr. Long on May 14, 1981.

The period of limitation in a medical malpractice action is two years. MCL 600.5805(4); MSA 27A.5805(4). A claim based on medical malpractice accrues at the time the person discontinues treating plaintiff in a professional capacity and must be commended within two years of the last date of treatment or within six months after plaintiff discovers or should have discovered the claim, whichever is later. MCL 600.5838; MSA 27A.5838.

Defendant IRA discontinued serving Mrs. Hall in a professional capacity on December 10, 1980. Thus, the two-year limitation period ended on

December 10, 1982. Plaintiffs' motion to amend to add Dr. Long and IRA was filed on November 2, 1982, and granted orally from the bench on November 17, 1982. The trial court held, pursuant to *Charpentier v Young,* 403 Mich 851 (1978), that the period of limitation was tolled for an additional fifteen days during the pendency of the motion plus an additional five days for the motion to be submitted under GCR 1963, 522.1. Therefore, the limitation period was extended until December 30, 1982. Since the order granting plaintiffs' motion was not entered until January 13, 1983, plaintiffs' action was barred by the statute of limitations.

Plaintiffs assert that the limitation period should be extended until January 13, 1983, because the proposed order was submitted three times before it was entered. The trial court rejected this argument, noting that plaintiffs' proposed order was not entered during this time because presentment, fifteen days after the motion was decided, was not proper under GCR 1963, 522.1.[1]

A court speaks only through its orders and judgments and not its oral pronouncements. *Nemes v Smith,* 37 Mich App 124, 126-127; 194 NW2d 440 (1978). Plaintiffs' action against defendants clearly was not commenced until January 13, 1983, when the order was entered and the

---

[1] On December 6, 1982, plaintiffs' proposed order was returned by the trial judge's secretary (because it had not been submitted within the time requirements of GCR 1963, 522.1[1]) with instructions to resubmit the order under the "five-day rule." The trial judge noted during the hearing on defendants' motion for accelerated judgment that his secretary should have stated that the order should be resubmitted "under the court rules" since it was returned for failure to comply with the time requirements of the so-called "five-day rule." The judge commented, however, that plaintiffs' counsel's subsequent resubmission of the order under the "five-day rule" in reliance on the secretary's advice was unwarranted since counsel should have known that the order had been improperly submitted originally.

complaint filed. We cannot conclude that the trial court abused its discretion in determining that plaintiffs were not duly diligent, *Charpentier, supra,* and concluding that the period of limitation was not tolled during the period in which entry of the order was pending.

Plaintiffs argue, however, that the action against defendants Long and IRA was timely because it was commenced within six months of plaintiffs' discovery of the claim. MCL 600.5838(2); MSA 27A.5838(2). Plaintiffs' counsel contends that they did not learn that IRA had allegedly misreported Mrs. Hall's condition until they took Dr. Fortino's deposition in October 1982, and Dr. Fortino testified that an employee of IRA had called him and reported that the x-ray was "essentially normal, unchanged."

The question of whether a plaintiff discovered or should have discovered a claim is a question of law for the court. *Tonegatto v Budak,* 112 Mich App 575, 581; 316 NW2d 262 (1982). The "time of discovery rule" relates to discovery of the asserted malpractice and not the discovery of defendants' identity or involvement. Therefore, in order for a court to conclude as a matter of law that a person has or should have discovered asserted malpractice, it must be shown that the person knew of the act or omission itself and had good reason to believe that the act itself was improper or was done in an improper manner. *Lefever v American Red Cross,* 108 Mich App 69, 74; 310 NW2d 278 (1981).

Plaintiffs' complaint indicates that the cause of action against defendants Long and IRA is based on both the written report sent to Dr. Fortino following the January 2, 1980, x-ray and the oral representation made by the IRA employee. The trial

court ruled as a matter of law that, using due diligence, plaintiffs should have known of the claim as of the date on which plaintiffs' prior counsel received the January 2, 1980, x-ray and report from Dr. Long in May, 1981. We agree. While the facts surrounding the alleged oral misrepresentation may not have come out until Dr. Fortino's deposition, the written report and x-ray were received by plaintiffs' counsel in May, 1981, and, using due diligence, plaintiffs' counsel was or should have been aware of the claim against Dr. Long and IRA based on the written report.

We are aware that barring plaintiffs' claim under that statute of limitations produces a harsh result in the present case, but, as the trial court pointed out, statutes of limitation are harsh in and of themselves.

Affirmed.