NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0453n.06

No. 10-1421

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

DAVID MARSHALL; CHANDRA MARSHALL, )
)                    ON APPEAL FROM THE
*Plaintiffs-Appellants*, )                    UNITED STATES DISTRICT
)                    COURT FOR THE EASTERN
v. )                    DISTRICT OF MICHIGAN
)
CITY OF FARMINGTON HILLS, et al., )                    O P I N I O N
)
*Defendants-Appellees*. )

BEFORE:    BATCHELDER, Chief Judge; SILER and COLE, Circuit Judges.

COLE, Circuit Judge.  Plaintiffs-Appellants David and Chandra Marshall appeal the grant

of summary judgment in favor of the Defendants in their suit filed under 42 U.S.C. § 1983, alleging

constitutional rights violations and supplemental state tort claims.  The district court determined that

a release-dismissal agreement barred the Marshalls' claims and found that the Marshalls were

collaterally estopped from challenging the validity of this agreement because the issue was

previously litigated in state court.  Because the issue was not, in fact, litigated to a valid, final

judgment, we REVERSE and REMAND for a determination as to the enforceability of the release-

dismissal.

## I.  BACKGROUND

On December 13, 2006, off-duty Detroit police officer David Marshall was driving home

from work when Farmington Hills police officer Michael Meister pulled him over in a routine traffic

stop. Meister ordered Marshall to remove his service weapon, but Marshall refused to comply with the request. After Marshall repeatedly refused to relinquish the weapon and allegedly acted uncooperatively, back-up officer James Jarrett tasered Marshall three times. Once Marshall was incapacitated, the officers removed Marshall's gun from its holster and then handcuffed and arrested him.

The City of Farmington Hills issued Marshall a misdemeanor citation for obstructing law enforcement and scheduled his arraignment for January 8, 2007. On January 5, 2007, the City of Farmington Hills additionally charged Marshall, in a separate case, with misdemeanor child abuse. This child abuse charge was based on an incident that occurred roughly seven months earlier in which Marshall physically disciplined his son and left a bruise on the child's face. In June 2007, with the obstruction charge still pending, Marshall went to trial on the child abuse allegation and was acquitted.

Following the resolution of the child abuse case, Marshall and the City of Farmington Hills entered into a conditional release-dismissal agreement for the obstruction charge. This agreement provided that the prosecutor would dismiss the pending obstruction charge with prejudice in exchange for Marshall's releasing his right to file a civil suit under 42 U.S.C. § 1983. At a June 21, 2007 hearing, the parties placed the terms of this agreement on the record. Marshall's attorney informed the court that the release-dismissal was expressly made contingent on agreement between the parties "as to the exact wording of a statement to be prepared for media purposes as well as a release of civil liability with regard to any events or transactions that arise out of the incidences that

2

bring us here today." During this hearing, the judge, the city attorney, and Marshall's attorney each separately stated their understanding that the proposed release-dismissal was subject to the fulfillment of these two conditions.

Negotiations for the two conditions precedent failed as the parties were unable to agree on press release language and never discussed the terms of the civil release. Marshall believed that this failure to satisfy the conditions precedent rendered the release-dismissal unenforceable, and filed a motion for a trial date on the obstruction charge. During an August 14, 2007 hearing, the state court denied Marshall's request for a trial date, finding that the release-dismissal was valid despite the parties' failure to fulfill the two conditions precedent. The court stated:

> My read of this is that this case is over. . . . [I]t's interesting to note that maybe there's a holdup for a press release. Frankly, something that happened [earlier], now that it's August 14th is probably moot anyway. I'm not sure that the press has any great interest in this file and the Court does have a public record which notes a dismissal and if the press is interested, that's certainly what the court file would show.
> At this point I see no authority to grant a trial. Clearly the settlement placed on the record was voluntarily, understandingly freely made and so as far as I'm concerned, this case is over. Everyone is bound by the agreement that was placed on the record.

The state court, issuing the ruling from the bench, dismissed the criminal obstruction charges and found the parties to be bound by the terms of the release-dismissal agreement. The state court later reduced this ruling to writing in an order stating "that Plaintiff's Motion for Trial Date is hereby denied [and the criminal charges] are dismissed with prejudice." The order made no mention of the release-dismissal agreement.

On July 29, 2009, Marshall and his wife filed suit in the Eastern District of Michigan, alleging violations of 42 U.S.C. §§ 1983 and 1985 as well as state law claims of loss of consortium, assault and battery, excessive force, and false arrest. The Marshalls filed this case against the City of Farmington Hills as well as various individual Farmington Hills police officers. On November 3, 2009, the Defendants filed an amended motion for summary judgment, arguing that the Marshalls' suit was barred by collateral estoppel. In a March 1, 2010 opinion, the district court dismissed the suit, finding that the release-dismissal agreement barred the Marshalls' civil suit and that the Marshalls were collaterally estopped from challenging the validity of the release-dismissal. The Marshalls filed a timely appeal.

## II. ANALYSIS

The Marshalls argue that the district court erred in applying collateral estoppel to bar their challenge to the release-dismissal's validity. The district court found, under the doctrine of collateral estoppel, that the state court's adjudication of the release-dismissal's enforceability prohibited its subsequent review of the issue. It then granted summary judgment to the Defendants, finding that the release-dismissal barred the Marshalls' civil suit. This Court reviews the district court's application of collateral estoppel de novo. *Stemler v. City of Florence*, 350 F.3d 578, 585-86 (6th Cir. 2003).

The doctrine of collateral estoppel prevents a court from re-adjudicating an issue that the same parties previously fully litigated. "[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

different cause of action involving any party to the prior litigation." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 583 (6th Cir. 1994). In assessing a state court judgment's preclusive effect, a federal court applies the state law of the adjudicating court. *See* Full Faith and Credit Clause, U.S. Const., art. IV § 1; 28 U.S.C. § 1738; *Haring v. Prosise*, 462 U.S. 306, 313 (1983). A federal court must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so . . . ." *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

This Court, therefore, must apply Michigan preclusion law, which bars a party from re-litigating an issue if three requirements are satisfied: "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v. Titus*, 751 N.W.2d 493, 500 (Mich. 2008); *see also Storey v. Meijer, Inc.*, 429 N.W.2d 169, 171 n.3 (Mich. 1988).

The Marshalls' appeal raises the question of whether this first requirement, the litigation of an issue to a valid and final judgment, was satisfied. To establish this first element, an issue must be raised and "submitted to the trier of fact for a determination, and thereafter determined." *Cogan v. Cogan*, 385 N.W.2d 793, 795 (Mich. App. Ct. 1986). There is no question that the Defendants raised the validity of the release-dismissal and submitted it to the court for determination during the August 14, 2007 hearing. The issue lies in whether the state court's verbal order properly functions as a valid and final determination for purposes of collateral estoppel. To be an enforceable final judgment under Michigan law, the ruling must be expressed in a written order, not an oral

5

pronouncement. "The rule is well established that courts speak through their judgments and decrees, not their oral statements or written opinions." *Tiedman v. Tiedman*, 255 N.W.2d 632, 634 (Mich. 1977); *see Hall v. Fortino*, 405 N.W.2d 106, 108 (Mich. App. Ct. 1986) ("A court speaks only through its orders and judgments and not its oral pronouncements."); *see also Boyle v. Berg*, 218 N.W. 757, 758 (Mich. 1928); *Stackhouse v. Stackhouse*, 484 N.W.2d 723, 725 (Mich. App. Ct. 1992).

Michigan courts have applied this well-settled principle across a wide range of cases. In *People v. Hill*, the appellate court determined that orally imposed rulings are not enforceable judgments, even if the failure to reduce the order to writing is a product of "neglect, inadvertence or oversight." 244 N.W.2d 357, 358 (Mich. App. Ct. 1976). In setting the conditions of probation, the trial court ordered, though only verbally, that the defendant pay child support. The appellate court concluded that "[s]ince a court speaks through its written orders, not through its verbal decisions, we conclude that it was not a condition of defendant's probation that he maintain . . . his child support payments." *Id.* (citations omitted). But, the written word is not enough. In *Kadri v. Ford Motor Co.*, a Michigan appellate court further emphasized the importance of including all final determinations in the written order. 350 N.W.2d 763 (Mich. App. Ct. 1984) (per curiam). The administrative law judge granted twenty months of workers' compensation benefits in a written order, and recommended in a written opinion that the defendant make further payments until the plaintiff no longer requires them. *Id.* at 764. On appeal, the court found the language in the opinion unenforceable, concluding that because "[a] court speaks by its orders, not its opinions[, . . . t]he

6

parties are not bound by opinions or statements of the court seeking to define the extent of the court's judgment." *Id.* at 765.

Most recently, in *Pierron v. Pierron*, a Michigan appellate court applied this principle to deny the preclusive effect of oral pronouncements. No. 292817, 2011 WL 255147 (Mich. App. Ct. Jan. 27, 2011) (per curiam). At the close of an evidentiary hearing, the trial court denied the defendant's request for attorney fees by orally stating that there was "no basis to award attorney fees to either party and each shall bear their own fees for this action." *Id.* at \*3. This determination was not included in the court's written order resolving the merits of the case. On remand from the Michigan Supreme Court, the defendant again requested attorney fees and the trial court granted the motion. The plaintiff contended that the original oral ruling constituted a final and valid judgment on the issue that triggers collateral estoppel. Rather, the Michigan appellate court found collateral estoppel inapplicable because the "issue was not, in fact, decided [in] . . . the trial court's initial order," and the court's oral statement was insufficient to satisfy the first element of collateral estoppel. *Id.* at \*3.

The district court found collateral estoppel applicable to preclude the Marshalls' challenge of the release-dismissal because it treated the state court's statement that "[e]veryone is bound by the agreement that was placed on the record" as a valid, final judgment. The state court, however, did not include this ruling in the written order nor reduce it to writing. The written order only stated that "[p]laintiff's Motion for Trial Date is hereby denied [and the criminal charges] are dismissed with prejudice." The only time the validity of the release-dismissal was addressed was in this oral pronouncement at the August 14, 2007 hearing. Because a Michigan court "speaks only through its

7

orders and judgments and not its oral pronouncements," *Fortino*, 405 N.W.2d at 108, the oral statement addressing the release-dismissal's validity cannot be construed as a valid and final judgment. This principle applies even if the state court inadvertently failed to include its ruling on the release-dismissal in the written order. *See Hill*, 244 N.W.2d at 358. Therefore, the district court erred in applying collateral estoppel because the first element—the litigation of an issue to a valid and final judgment—was not satisfied by the state court's oral statements. Because the first requirement of collateral estoppel is not fulfilled, this Court need not address the other two elements.

The district court alternatively held that, even if it were not collaterally estopped from reviewing the merits of the Marshalls' claims, it would decline to do so on equitable grounds. The court stated that "'[g]enerally, an appeal is barred by a party voluntarily and knowingly accepting the benefits of the order, if that is inconsistent with the right claimed on appeal.'" *Marshall v. City of Farmington Hills*, No. 08-CV-13257, 2010 WL 742576 (E.D. Mich. Mar. 1, 2010) (quoting 4 C.J.S. *Appeal and Error* § 285). The court viewed Marshall's decision not to appeal the final order as a voluntary and knowing acceptance of the benefits, and used this basis to equitably deny the Marshalls' claims. This reasoning mistakenly relies on appellate principles, when the Marshalls' claims before the district court are a collateral matter, not an appeal. Additionally, the district court remarkably would require Marshall to appeal the final order dismissing the *criminal charges* against him—a move a criminal defendant has little incentive to make—as his only means to avoid an adverse decision on equitable grounds. It would be a peculiar result for us to determine that equity

8

requires a criminal defendant to appeal a successful dismissal of criminal charges and we decline to do so.

Further, the Supreme Court in *Town of Newton v. Rumery*, 480 U.S. 386 (1987), held that when deciding whether a prior release-dismissal agreement may forestall a § 1983 suit, the federal court must consider whether the "agreement was voluntary, [whether] there is . . . evidence of prosecutorial misconduct, and [whether] enforcement of this agreement would . . . adversely affect the relevant public interests." *Id.* at 398; *see also MacBoyle v. City of Parma*, 383 F.3d 456, 459 (6th Cir. 2004). This standard presumes that the plaintiff has received the benefit of the bargain—i.e., dismissal of the criminal case—but imposes additional requirements for finding that the release-dismissal agreement bars litigation of a § 1983 claims. Dismissal on purely equitable grounds would be inappropriate, particularly where, as here, there are allegations of prosecutorial misconduct.

## III. CONCLUSION

The district court erred in its application of collateral estoppel and its decision not to review the Marshalls' challenge to the release-dismissal's validity. Therefore, the district court's grant of the Defendants' motion for summary judgment is REVERSED. This case is REMANDED to the district court to evaluate the validity of the release-dismissal.