ALICE M. BATCHELDER, Circuit Judge,
dissenting.
The Michigan state court here decided that the release-dismissal agreement between Marshall and the City “was voluntarily, understanding^, and] freely made,” and therefore, upheld the agreement as enforceable and dismissed the criminal charges against Marshall- and his associated request for a trial. See Marshall v. City of Farmington Hills, 479 Fed.Appx. 661, 662-63 (6th Cir.2012). The district court dismissed Marshall’s federal court action, holding that Marshall was collaterally estopped from relitigating the release-dismissal issue, on which all his federal claims depend. Because the state court did not mention the release-dismissal agreement in its written order, however, this Court reversed the district court’s decision to dismiss. But as a result of this Court’s reversal, the state court amended *527 its prior order and incorporated in its nunc pro tunc order its verbal ruling regarding the release-dismissal agreement. The state court’s amended order was the missing element for collateral estoppel to attach; thus, Marshall’s claims in federal court regarding the release-dismissal agreement are barred by collateral estop-pel. Because the majority opinion incorrectly denies the collateral-estoppel effect of the state court’s amended order and instead renders a decision on the merits of Marshall’s claims, I must dissent here.
“The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel.” Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). A party may move for summary judgment in federal court on the ground that earlier litigation in a different court “decided an issue of fact or law necessary” to the judgments of both courts. See id.; 10B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2735 (3d ed.1998). “[CJollat-eral estoppel relievefs] parties of the cost and vexation of multiple lawsuits, con-servéis] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.” Allen, 449 U.S. at 94, 101 S.Ct. 411. Collateral estoppel is not limited to cases that arise in federal court, but also applies to federal cases that raise issues already litigated in state courts. Indeed, according to 28 U.S.C. § 1738, “judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State....” Thus, “Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.” Allen, 449 U.S. at 96, 101 S.Ct. 411.
Federal civil rights litigation is no exception. “[T]he legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion.” Allen, 449 U.S. at 98,101 S.Ct. 411. Rather than subtract from the jurisdiction of the state courts, § 1983 simply adds to the jurisdiction of the federal courts. See id. at 99, 101 S.Ct. 411. “There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an' unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.” Id. at 104, 101 S.Ct. 411. Thus, state-court judgments have collateral-estoppel effect, as measured by state law, on issues raised in subsequent federal civil rights litigation. See id. at 105, 101 S.Ct. 411; Wright & Miller, supra, § 4471.2. The only way to defeat such collateral-estoppel effect is to show that “the state court did not afford a full-and-fair opportunity to litigate.” Wright & Miller, supra, § 4471.2; see also Allen, 449 U.S. at 95,101 S.Ct. 411.
Here, for collateral estoppel to apply in Michigan, three elements must be satisfied: “(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel.” Estes v. Titus, 481 Mich. 573, 751 N.W.2d 493, 500 (2008). As this Court previously noted, “There is no question that the [City] raised the validity of the release-dismissal and submitted it to the [Michigan state] court for determination during the August 14, 2007 hearing.” Marshall, 479 Fed.Appx. at 663. Thus, the same parties now before this Court had a full and fair opportunity to litigate the validity of the release-dismissal *528 agreement. See Monat v. State Farm Ins. Co., 469 Mich. 679, 677 N.W.2d 843, 847 (2004) (holding that relitigation is permitted only when the party against whom preclusion is sought could not appeal the initial judgment). Furthermore, mutuality is not required “where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue,” as is the case here. See id. at 844-45. To be an enforceable final judgment under Michigan law, however, the ruling must be expressed in a written order, not an oral pronouncement. Tiedman v. Tiedman, 400 Mich. 571, 255 N.W.2d 632, 634 (1977). Because the state court’s written order did not include its oral statements addressing the release-dismissal agreement, and thus, that question of law was not determined by a “final judgment,” this Court found that the first element for collateral estoppel was not satisfied. See Marshall, 479 Fed.Appx. at 665.
After that decision, however, the state court amended its written order to incorporate explicitly “the reasons stated on the record during the June 21, 2007 Plea Hearing, [and] the August 14, 2007 Hearing on [Marshall’s] Motion for Trial Date,” and to provide that the release-dismissal agreement “was voluntarily, understandingly[, and] freely made.” This amended judgment is a final judgment under Michigan law, and it has collateral-estoppel effect as to Marshall’s claims. See Tiedman, 255 N.W.2d at 634; Estes, 751 N.W.2d at 500. The amended judgment is properly considered nunc pro tunc, now for then, because it merely corrects a clerical omission from the state court’s previous written order, and does not otherwise change or alter the previous written order. See Sleboede v. Sleboede, 384 Mich. 555, 184 N.W.2d 923, 925 (1971). A nunc pro tunc order “record[s] that which was actually done, but omitted to be recorded.” Id. at 925 n. 6. Because the state court orally ruled on the validity of the release-dismissal agreement, the nunc pro tunc order simply put that ruling into writing and recorded it with the state court’s original order. Thus, the state court’s amended judgment has collateral-estoppel effect on Marshall’s claims before this Court.
Marshall raises two arguments to attempt to defeat the collateral-estoppel effect of the state court’s amended judgment. I do not find merit with either argument.
First, Marshall argues that this Court limited its remand to the district court to the consideration of only the release-dismissal agreement, and therefore, according to the mandate rule, the collateral-estoppel issue was beyond the scope of the remand. Although the mandate rule requires the district court to proceed on remand in accordance with the mandate of the appellate court and the law of the case as established on appeal, Allard Enters, v. Advanced Programming Res., Inc., 249 F.3d 564, 570 (6th Cir.2001), limited exceptions allow the district court to reopen an issue decided on appeal, see Mitchell v. Rees, 261 Fed.Appx. 825, 828 (6th Cir.2008). One such exception is where “substantially different evidence [is] raised on subsequent trial.” See id. (internal quotation marks omitted). Here, this Court remanded this case to the district court “for a determination as to the enforceability of the release-dismissal.” Marshall, 479 Fed.Appx. at 661. But new evidence regarding the enforceability of the release-dismissal — the state court’s amended judgment — was presented to the district court following the remand. Therefore, the district court properly addressed the collateral-estoppel issue. See Mitchell, 261 Fed.Appx. at 828.
Second, Marshall argues that the state court’s amended judgment is invalid due to *529 its erroneously-transcribed date. The Michigan Court Rules provide that “all judgments and orders must be in writing, signed by the court and dated with the date they are signed.” MCR 2.602(A)(1). The amended state judgment meets these criteria, except that it is incorrectly dated. In Michigan, however, such an error is considered harmless and therefore insufficient to invalidate the amended state judgment. See MCR 2.613(A); People v. Lukity, 460 Mich. 484, 596 N.W.2d 607, 613 (1999) (holding that MCR 2.613(A) and its related statutes presume that a preserved, nonconstitutional error is not a ground for reversal unless it is more probable than not that the error was outcome determinative); Bellevue Ventures, Inc. v. Morang-Kelly Inv., Inc., 302 Mich.App. 59, 836 N.W.2d 898, 901 (2013) (finding that the failure of the court clerk to file documents, resulting in an erroneous order to strike the documents, was harmless error).
Given that the state court’s amended judgment has collateral-estoppel effect on Marshall’s claims before this Court because those claims depend upon the validity and enforceability of the release-dismissal agreement, I would hold that we are precluded from deciding the merits of Marshall’s claims. I would therefore affirm the judgment of the district court and dismiss Marshall’s claims.
The majority’s insistence that collateral estoppel does not apply rests upon two errors.
The first involves our precedent. The majority claims that it is “implicit” in our precedent that the state court in those cases ruled the relevant release-dismissal agreement valid. Maj. Op. at 524. The majority calls it “implicit” because those cases never cite to a written order containing a state court ruling upon the agreement’s validity. Indeed, the cited Third Circuit case instead recounted a 10-minute verbal exchange with the trial judge, not a written order. See Livingstone v. North Belle Vernon Borough, 12 F.3d 1205, 1211— 14 (3d Cir.1993). As already discussed, the previous panel from this Court reviewing this case noted that the release-dismissal’s validity was raised before the trial judge, and he ruled it valid. That ruling was then put into a written order. The majority cites to no precedent of this Court where we denied that a federal challenge was collaterally estopped in the face of a written state-court order issued subsequent to the state court’s explicit ruling of validity.
The majority’s other error involves the role of the federal judiciary in our federal system, suggesting that we possess a “fairness exception” to collateral estoppel. The majority insists that Marshall has a right to have his federal claims heard in a federal forum, because otherwise his seeking state appellate review of a successful dismissal would be awkward. See Maj. Op. at 524-25. Yet the fact remains that Marshall could have sought review from an appellate court in Michigan, and then from the Michigan Supreme Court if necessary. If he believed his federal claim was still wrongly denied, he could have sought review from the United States Supreme Court. Instead he seeks review in federal district court of this state court order finding the release-dismissal valid. Collateral estoppel does not permit such review.
The majority opinion’s rejection of collateral estoppel, and the potentially broad application of this precedent to future § 1983 actions, may make it appropriate for this Court to consider this an issue of “exceptional importance” and rehear this case en banc. See Fed. RApp. P. 35(a)(2).
Regardless, I respectfully dissent.