NEMES *v.* SMITH

1. Courts—Judgment—Orders—Opinions.

   A court speaks through its orders and judgments, not through its opinions.

2. Courts — Orders — Opinions — Discovery — Physical Examination.

   An oral determination by the trial court that plaintiff's attorney is to be restricted to the role of a silent observer during a physical examination of the plaintiff, authorized by a written order, has no operative effect because a court speaks only through its orders and judgments and not through its opinions (GCR 1963, 311).

3. Discovery—Physical Examination—Transcript of Examination—Court Rules.

   The court rule governing the power of the court to order discovery in the form of a physical examination of a party does not give the party to be examined the right to make a record of the questions asked and answers given at the examination by the use of a mechanical tape recorder or a court reporter (GCR 1963, 311).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 October 12, 1971, at Lansing. (Docket No. 10634.) Decided November 23, 1971.

Complaint by Ida Nemes against Richard D. Smith, Jim Cook Leasing Company, Inc., and William Ewing Company, Inc., for damages from inju-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts §§ 82–86.
[3] 23 Am Jur 2d, Depositions and Discovery §§ 220, 222.

ries suffered in an automobile collision. Defendants' motion for discovery in the form of a physical examination of plaintiff granted. Plaintiff appeals by leave granted. Affirmed.

*Calvin M. Gonek,* for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehart,* for defendants.

Before: McGregor, P. J., and Holbrook and Van Valkenburg,* JJ.

Holbrook, J. This Court has granted plaintiff's application for leave to appeal from an interlocutory order. The concise statement of proceedings and facts as certified by the trial judge are as follows:

"On the 6th day of August, 1968, plaintiff's vehicle was struck in the rear by defendants' vehicle.

"Plaintiff received low back injury, hip, and leg injury.

"A pre-trial hearing was concluded on March 4, 1969.

"On August 31, 1970, an order compelling plaintiff to submit to physical examination and protective order was entered.

"The plaintiff was prohibited from recording or transcribing any portion of said physical examination."[1]

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "This matter having come on to be heard upon motion by defendants Smith and Jim Cook Leasing Co., and the argument of counsel having been heard in open court, and the court being duly and fully advised in the premises, Now Therefore,

"It is ordered that said motion be and hereby is granted; and

"It is further ordered that plaintiff, Ida Nemes, appear and submit to physical examination by Dr. Harold Fenech or such other physician

The trial of the case was set down for October 2, 1970, and at the request of plaintiff's attorney it was stipulated by all counsel that the trial be adjourned.[2] On September 21, 1970, the trial court ordered the matter be adjourned to the next term.

The one issue raised on this appeal by plaintiff is stated as follows:

When the trial court orders the plaintiff to undergo a medical examination, including an oral history, without specifying the scope and extent of examination, can the trial court restrict the plaintiff's attorney to the role of a silent passive observer and deny the use of either a mechanical tape recorder or in lieu thereof, a court reporter so that a record may be had of the questions asked and the answers given?

At the hearing on the motion by defendants to compel the plaintiff to submit to a physical examination and a protective order, the trial judge mentioned that the plaintiff's attorney could be present at the examination but should remain silent. This portion of the court's oral determination was not incorporated in the written order. A court speaks only through its orders and judgments and not through its opinions. *People* v. *Batten* (1967), 9 Mich App 195; *Miskinis* v. *Bement* (1949), 325 Mich 404; *Michigamme Oil Co.* v. *Huron Valley Building & Savings Ass'n* (1937), 280 Mich 12. Inasmuch as the order did not contain the requirement that the at-

as may be selected by defense counsel at a time to be selected, mutually convenient to the interested parties; and

"It is further ordered that counsel for the plaintiff be and hereby is prohibited from recording or transcribing any portion of said physical examination of plaintiff."

[2] "It is stipulated and agreed by and between the above parties by their respective attorneys that the trial date of October 2, 1970, is adjourned without date.

"The matter shall be reset after completion of appellate proceedings, the medical examination in question, and plaintiff's attorney has an opportunity to take the deposition of the examining doctor."

torney remain silent, we conclude that that portion of the opinion is not effective or operative.

The trial court's order requiring plaintiff to submit to a physical examination is authorized under GCR 1963, 311 which states:

".1 Order for Examination. In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination, the person or persons by whom it is to be made, and shall provide that the attorney for the person to be examined may be present at the examination.

".2 Report of Findings.

"(1) If requested by a party against whom an order is made under subrule 311.1 or the person examined, the party causing the examination to be made shall require the examining physician to deliver to both parties a detailed written report setting out his findings and conclusions pertaining to the conditions examined, together with like reports of all earlier examinations of the same condition, and shall make available for inspection and examination X-rays, cardiograms, and like diagnostic aids. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party or person examined a like report of any examination, previously or thereafter made, of the same condition, and to a like inspection of all diagnostic aids. If either party or person examined refuses to deliver such report, the court on

motion and notice may make an order requiring delivery on such terms as are just, and if a physician refuses or fails to comply with this rule, the court may order the physician to appear for discovery depositions.

"(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

The source of this rule is Rule 35 of the Federal Rules of Civil Procedure and the proposed amendment thereto.

The appellate courts of our state have not, as yet, ruled on the specific question here raised on appeal.

When we consider outside authorities we find different views expressed. In *Warrick* v. *Brode* (D Del, 1969), 46 FRD 427, 428, it is stated in part as follows:

"It has long been the practice in this district and in the state courts of Delaware that an attorney will not be permitted to be present at a physical examination of his client undertaken pursuant to Rule 35 if the other party objects. * * * The examination authorized by Rule 35, while providing for protective devices, does not provide for the presence of counsel. This is as it should be, because an examination should be divested as far as possible of any adversary character."

The court rule in *Warrick* did not permit the attorney for the client to be examined to be present at the physical examination, whereas our court rule specifically provides that the attorney may be present.

The opposing view is expressed in the case of *Gonzi* v. *Superior Court* (1959), 51 Cal 2d 586, 589 (335 P2d 97–99) as follows:

" 'Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril.' The same reasoning is applicable in the case at bar. If an injured plaintiff is not permitted to have a reporter present at the court-ordered examination by defendant's doctors there is no disinterested person present to report, or later testify to, what occurred during the examination. If the defense-employed doctor is called upon to testify at the trial on the issue of plaintiff's injuries his version of the questions and answers elicited at the examination might differ materially from plaintiff's counsel's version of the same questions and answers. It appears to us that orderly procedure in the administration of justice requires that permission be granted at the request of either party for a reporter's presence in such a situation as is here presented."

In 8 Wright and Miller, Federal Practice & Procedure, § 2236, pp 684–686, the authors discuss the cases which have dealt with the manner in which a physical examination should be conducted, as follows:

"Rule 35 has raised a number of questions relating to the proper format for a physical or mental examination. One federal court provided that the party to be examined might have his own physician present during the examination when the tests to be made were of a rather drastic nature, and this has been generalized in other cases to permit the examined party to have his own physician present in any

case if he wishes to do so and communicates that wish to the doctor or the attorney for the other side.

"There have been varying views on whether the attorney for the examined party may be present during the examination, with the difference in view perhaps reflecting the indecision of the courts· about whether the examination is part of an adversary proceeding, in which the examining doctor is acting for the other side, or whether the doctor is an impartial expert seeking only the truth. There would seem to be some instances in which the presence of the attorney would be clearly inappropriate. In one state the rule, otherwise similar to Federal Rule 35, provides specifically that the examined party may have any representative present throughout the examination, yet that state's highest court held that the rule would hardly compel the doctor to disrobe a female patient in her lawyer's presence, and admitted X-rays that were taken while the attorney was excluded from the room.

"Other state court cases have said that usually the party may have an attorney present, but have ordered that a psychiatric examination be held in private, on a showing that having another person present during such an examination would not be conducive to an authentic appraisal of the party's condition. It also has been suggested generally that no useful purpose is served by having an attorney present at a medical examination, and that to do so might interfere with and unduly prolong the examination.

"The only reason that would support permitting an attorney to be present is that the doctor must ask the examined party questions during the examination. He must be permitted to take the party's history and to ask such other questions as will enable him to formulate an intelligent opinion concerning the nature and extent of the party's injuries. He should not, however, ask questions that might obtain admissions bearing on the issue of liability. Those

courts that permit the attorney to be present reason that a lay person should not be expected to evaluate the propriety of every medical question at his peril."

In construing GCR 1963, 311, as applied to this case, we consider all of its pertinent provisions including that: (1) the examination may be ordered only for good cause shown, (2) the order shall specify among other things the scope of the examination, (3) the person or persons by whom the examination is to be made are to be named, (4) the attorney for the person examined may be present at the examination, (5) the examining physician deliver to both parties a detailed written report setting out his findings and conclusions pertaining to the conditions examined, and (6) the person examined may, through his attorney, take a deposition of the examining physician.

We are constrained to determine that the court rule is all inclusive and provides the safeguards necessary to protect the interests of a person to be examined by a doctor for the opposing side.

The plaintiff asserts that in construing the court rule we should consider that the plaintiff has the right to make a record of the questions asked and the answers given at the physical examination by the use of either a mechanical tape recorder, or in lieu thereof, a court reporter. We decline to write in the court rule by interpretation that which is absent in its language.

Affirmed. Costs to defendants.

All concurred.