DEPARTMENT OF TREASURY v PSYCHOLOGICAL RESOURCES, INC

Docket No. 76860. Submitted February 5, 1985, at Detroit.—Decided October 11, 1985.

Plaintiff, the Michigan Department of Treasury, Revenue Division, issued a subpoena to defendant, Psychological Resources, Inc., for production of financial records for the years 1979 through 1982. Defendant refused to comply, and plaintiff filed a complaint in Oakland Circuit Court, seeking an order to enforce its subpoena. The circuit court, Robert C. Anderson, J., ordered that defendant produce the records for examination on defendant's premises. The order further provided that Gladys Johnson, defendant's former bookkeeper, could assist the treasury agents in their examination. Johnson had been convicted of embezzlement from defendant during her employment, and plaintiff's investigation of defendant was based upon allegations by Johnson of tax fraud. Defendant appealed, alleging that the trial court erred in allowing Johnson to assist in the examination as she is not authorized by statute to do so. Held:

1. Although Johnson is not authorized by statute to examine the records of defendant, nothing in the relevant statute prevents her from assisting the treasury agents in their examination.

2. Even if the statutory language were considered to be ambiguous, a review of the statute as a whole does not reflect an intention by the Legislature to exclude all persons other than those expressly authorized from contact with defendant's records. The treasury may utilize information from persons involved in the matter being investigated. The lower court did not err in allowing Johnson to assist in the examination.

Affirmed.

REFERENCES

Am Jur 2d, Administrative Law §§ 263 et seq.

Am Jur 2d, Statutes §§ 142 et seq.

Am Jur 2d, Witnesses §§ 9 et seq.

Validity, construction, and effect of state laws requiring public officials to protect confidentiality of income tax returns or information. 1 ALR4th 959.

1. STATUTES — JUDICIAL CONSTRUCTION.

The maxim "expressio unius est exclusio alterius", the expression
of one thing is the exclusion of another, may not govern the
interpretation of a statute where the legislative intent is op-
posed to its application.

2. STATUTES — JUDICIAL CONSTRUCTION — INTENT OF LEGISLATURE.

The primary object of judicial interpretation of statutes is to
ascertain and give effect to the intention of the Legislature;
interpretation and construction of a statute's terms are unnec-
essary where the statute is unambiguous on its face; however,
where an ambiguity exists, the court must give effect to the
intention of the Legislature in enacting the statute.

3. STATUTES — JUDICIAL CONSTRUCTION.

Statutes must be construed according to the ordinary and ap-
proved usage of the language.

4. STATUTES — JUDICIAL CONSTRUCTION.

The Court of Appeals must render a reasonable construction and
reconcile apparent inconsistencies where statutory language is
of questionable meaning; if one section of a statute is ambigu-
ous or susceptible to more than one interpretation, the entire
statute must be read as a whole and the meaning given to one
section should be determined by considering the other sections.

5. TAXATION — COMMISSIONER OF REVENUE — SUBPOENAS — STATUTES
— JUDICIAL CONSTRUCTION.

A statute authorizing the state commissioner of revenue and duly
appointed agents of the commissioner to issue a subpoena to a
taxpayer for the purpose of examining the taxpayer's records
does not reflect an intention to exclude all other persons from
contact with the taxpayer's records; the commissioner or duly
appointed agents may utilize information from persons involved
in the matter being investigated in order to aid in their
investigation (MCL 205.3[a]; MSA 7.657[3][a]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *E. David Brockman*
and *Paul L. Bricker,* Assistants Attorney General,
for plaintiff.

*Rickel, Earle & Wokas* (by *Donald L. Bramlage,
Jr.),* for defendant.

Before: BRONSON, P.J., and M. J. KELLY and S. J. LATREILLE,* JJ.

PER CURIAM. Defendant appeals as of right from a February 21, 1984, order of the Oakland County Circuit Court which compelled defendant to produce certain corporate tax records for examination pursuant to 1941 PA 122, § 3, as amended by 1980 PA 162 and 1981 PA 138; MCL 205.3(a); MSA 7.657(3)(a). Defendant objects to plaintiff's use of defendant's former bookkeeper as an assistant to its treasury agents in their examination of defendant's records. We affirm.

Initially, defendant refused to comply with a subpoena duces tecum, issued by plaintiff on November 15, 1983, for production of certain financial records of defendant covering the calendar years 1979-1982, to be delivered to plaintiff's offices for examination. Plaintiff filed an action on January 6, 1984, to enforce its subpoena. A hearing was held on February 1, 1984, in the circuit court. The subsequent order, which is the basis of this appeal, provided that defendant produce the following records for examination on defendant's premises:

"[F]or the calendar years 1979, 1980, 1981 and 1982: general ledger, check register, cash disbursements, cash receipts income records, day book, bank statements, cancelled checks, payroll records, commission payments (1099), employee expense and income records."

The order further stated that defendant's former bookkeeper, Gladys Johnson:

"may assist the treasury agents in their examination of the books, records and papers of the Defendant, by personal access to same on the premises of the Defendant."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Although not clear from the record on appeal, the examination of defendant's records apparently occurred on May 4, 1984, and was conducted by Byrl Claxton, an assistant administrator with the Special Investigation Division of the Michigan Department of Treasury. We assume for purposes of this appeal that Johnson did assist Claxton in his examination, as provided for in the lower court order.

Defendant raised two main objections to plaintiff's subpoena below. First, defendant argued that no ongoing investigation was being conducted by plaintiff concerning defendant, and that such an investigation was a prerequisite to plaintiff's subpoena power under MCL 205.3(a); MSA 7.657(3)(a). Defendant has chosen not to pursue this objection on appeal; therefore, we will not further address this issue.

Defendant's second objection to the subpoena below is the sole question on appeal. The specific objection was to plaintiff's intention to permit Johnson to assist treasury agents in their examination of the records. Johnson had embezzled $31,000 from defendant during her employment with defendant as a bookkeeper from April, 1979, to July, 1980. Johnson was prosecuted for embezzlement and convicted of this offense. A second criminal prosecution was brought against Johnson for tax evasion in which she pled guilty to embezzlement and received probation. Plaintiff has indicated that an investigation was commenced involving defendant upon allegations by Johnson that she only embezzled from defendant because "they" had been cheating on "their" taxes. She apparently claimed that the books and records of defendant, if properly shown in relation to each other, would expose and lead to proof of tax fraud by defendant, its officers and shareholders.

Defendant argues on appeal that the lower court erred in entering its order because Johnson is not authorized by statute to assist plaintiff in its examination.

MCL 205.3(a); MSA 7.657(3)(a) states in pertinent part:

"*The commissioner or any of the duly appointed agents of the commissioner may examine the books, records, and papers touching the matter at issue* of any person or taxpayer subject to any tax, unpaid account, or amount the collection of which is charged to the department." (Emphasis supplied.)

Since Johnson is neither a commissioner of the Department of Treasury nor a duly appointed agent of the commissioner, defendant argues that the court erred in allowing her to assist in the examination of defendant's records. To support its position, defendant relies upon the statutory interpretation maxim of "Expressio unius est exclusio alterius", which means that the expression of one thing is the exclusion of another. When certain persons are specified in a statute, an intention to exclude all others from the statute's operation may be inferred. *Sebewaing Industries, Inc v Sebewaing,* 337 Mich 530, 545; 60 NW2d 444 (1953). This maxim, however, is only an aid to interpreting legislative intent. It cannot govern when the legislative intent is opposed to its application. *Chesapeake & O R Co v Public Service Comm,* 59 Mich App 88; 228 NW2d 843 (1975), *lv den* 394 Mich 818 (1975).

When applied to the instant case, the above-cited maxim does not aid defendant. The primary object of judicial interpretation of statutes is to ascertain and give effect to the intention of the Legislature. *Franks v White Pine Copper Div, Copper Range Co,* 122 Mich App 177, 183; 332

NW2d 447 (1982). When a statute is unambiguous on its face, interpretation and construction of its terms are unnecessary. However, if an ambiguity exists, this Court must give effect to the intention of the Legislature in enacting the statute. *Sneath v Popiolek,* 135 Mich App 17, 23; 352 NW2d 331 (1984).

The language of the statute is the best source for ascertaining the legislative intent. Statutes must be construed according to the ordinary and approved usage of the language. A resort to a dictionary definition is an appropriate method of achieving this result. *In re Condemnation of Lands,* 133 Mich App 207, 211; 349 NW2d 261 (1984). The operative word in the statute, with regard to this appeal, is "examine". "The commissioner or any of the duly appointed agents of the commissioner may *examine* the books * * *." MCL 205.3(a); MSA 7.657(3)(a). *Webster's Seventh New Collegiate Dictionary* (1975) defines "examine" as "a: to inspect closely b: to test the condition of c: to inquire into carefully". Johnson cannot examine defendant's records within the meaning of the statute if she is not the commissioner or a duly appointed agent of the commissioner. However, there is nothing in the statute to prohibit Johnson's presence to aid the agents in *their* examination.

Expression of the commissioner's or his agents' authority does exclude similar authority on the part of others. Had the court here ordered Johnson to *examine* the records and report to the commissioner or duly appointed agents, the statute's express intent clearly would have been violated. However, Johnson was not permitted to examine the books, but was only allowed to aid those who did have the authority to examine them.

Even if MCL 205.3(a); MSA 7.657(3)(a) were considered ambiguous, defendant would not be entitled to relief. Where statutory language is of questionable meaning, this Court must render a reasonable construction and reconcile apparent inconsistencies. If one section of a statute is ambiguous or susceptible to more than one interpretation, the entire statute must be read as a whole, and the meaning given to one section should be determined by considering the other sections. *Berry v Dep't of Corrections,* 117 Mich App 494, 499; 324 NW2d 65 (1982).

The statute here states that the commissioner or agents of the commissioner have authority to issue:

"a subpoena requiring a person to appear and be examined with reference to a matter within the scope of the inquiry or investigation being conducted by the department and to produce any books, records, or papers. The commissioner or any of the duly appointed agents, referees, or examiners of the commissioner, may administer an oath to a witness in any matter before the department. The department may invoke the aid of the circuit court of this state in requiring the attendance and testimony of witnesses and the producing of books, papers, and documents, and the circuit court of the state within the jurisdiction of which an inquiry is carried on, in case of contumacy or refusal to obey a subpoena, may issue an order requiring the person to appear before the department and produce books and papers if so ordered and any evidence touching the matter in question, failure to obey the order of the court may be punished by the court as a contempt. No person shall be excused from testifying or from producing any books, papers, records, or memoranda in any investigation, or upon any hearing when ordered to do so by the commissioner, upon the ground that the testimony or evidence, documentary or otherwise, may tend to incriminate or subject him to a criminal penalty; but no person shall be prosecuted or subjected to

any criminal penalty for or on account of any transaction made or thing concerning which he may testify or produce evidence, documentary or otherwise, before the board or its agent. No person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

With regard to defendant's books, records and papers, plaintiff could subpoena Johnson, the bookkeeper who prepared them, and examine her with regard to their preparation. Plaintiff should not be deprived of the information Johnson had to offer because she cooperated voluntarily.[1]

A reading of MCL 205.3(a); MSA 7.657(3)(a) as a whole does not reflect an intention to exclude all persons other than the commissioner and duly appointed agents of the commissioner from contact with defendant's books, records and papers. The statute clearly reflects an intent to permit the commissioner or duly appointed agents of the commissioner to utilize information from persons involved in the matter being investigated to aid in their investigation. This Court must give effect to the express intention of the Legislature.

Johnson has alleged that defendant has been evading taxes. As a bookkeeper for defendant, her testimony could focus the agent's examination. As convincingly argued by plaintiff, it is a commonplace of criminal tax investigations that even skilled examiners can miss tax evasion in the books and records of a defendant if that evasion was cleverly concealed. The assistance of someone who prepared, in whole or in part, those records immediately unlocks the evasion, enabling the investigation to quickly establish the "paper trail"

---

[1] Note that only persons who are subpoenaed may be immune from prosecution under the statute. *People v Parsons,* 142 Mich App 751; 371 NW2d 440 (1985).

which is the principal method of proof in a criminal tax evasion case.

Accordingly, we find that the lower court order here did not violate either the express language or the legislative intent of MCL 205.3(a); MSA 7.657(3)(a).

Affirmed.