*In re* GREENBERG ESTATE

Docket No. 88557. Submitted October 20, 1986, at Detroit. Decided February 2, 1987.

Errol S. Greenberg died intestate. His widow, Jetta Greenberg, filed in the Oakland Probate Court a petition for the administration of his estate and a notice of hearing informing all interested parties that the last day for the presentment of creditor claims was October 19, 1983. Joseph H. Ehrlich and Betty Lowenthal were appointed co-personal representatives. The probate court, Norman R. Barnard, J., ordered three adjournments of the hearing as well as adjournments of the date for the presentment of claims. The last date set for the presentment of claims was November 7, 1983. On May 3, 1985, Barton Greenberg and Diamond Mortgage Corporation (hereinafter referred to as petitioners) each filed a claim against the decedent's estate for the balance of loans petitioners had extended to decedent. Diamond Mortgage had earlier filed a claim on April 15, 1985, against the estate for funeral expenses and stock purchases. The co-personal representatives objected to all three claims as being tardy. The probate court determined that the eighteen-month period provided by the Revised Probate Code within which tardy claims may be filed commenced running on October 19, 1983, the original cut-off date for the presentment of claims, rather than November 7, 1983, the last date set by the probate court in the series of adjournments. Consequently, the probate court rejected the claims filed on May 3, 1985. Petitioners appealed.

The Court of Appeals *held:*

The Revised Probate Code provides that a decedent's creditor has eighteen months from the time originally fixed for the

REFERENCES

Am Jur 2d, Executors and Administrators §§ 291 *et seq.*

Presentation of claim to executor or administrator as prerequisite of its availability as counterclaim or setoff. 36 ALR3d 693.

Exclusiveness of grounds enumerated in statute providing, under specified circumstances, extension of time for filing claims against decedent's estate. 57 ALR2d 1304.

See also the annotations in the Index to Annotations under Executors and Administrators.

presentment of claims against the decedent's estate within which to file a tardy claim. Such tardy claim shall be accepted by the probate court unless the estate has been closed or unless the probate court, upon notice and hearing, determines that the failure of the creditor to present his claim sooner was not due to any fault or neglect on the part of the creditor. In this case, petitioners' claims were filed more than eighteen months after the date originally set for the presentment of claims, but not more than eighteen months after the last date set for the presentment of claims. The Court of Appeals concluded that, given the absence of any guiding authority at the time, petitioners were not unreasonable in relying upon the last date set for the presentment of claims and filing their claims within eighteen months of that date.

Affirmed in part, reversed in part, and remanded.

EXECUTORS AND ADMINISTRATORS — CLAIMS AGAINST ESTATES — TIMELINESS OF CLAIMS — REVISED PROBATE CODE — COURT RULES.

A decedent's creditor has eighteen months from the time originally fixed for the presentment of claims against the decedent's estate within which to file a tardy claim; such tardy claim shall be accepted by the probate court unless the estate has been closed or unless the court, upon notice and hearing, determines that the failure of the creditor to file his claim sooner was not due to any fault or neglect on the part of the creditor (MCL 700.732; MSA 27.5732; MCR 5.706[A]).

*Stephen R. Bernstein,* for Barton Greenberg and Diamond Mortgage Corporation.

*Raymond, Rupp, Wienberg, Stone & Zuckerman, P.C.* (by *Joseph H. Erhlich* and *Kathleen King O'Brien*), for Joseph H. Erhlich.

*Gelman, Siman & Friedman* (by *Sandor M. Gelman*), for Betty Lowenthal.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

M. J. KELLY, J. Petitioners Barton Greenberg and Diamond Mortgage Corporation appeal as of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

right from a probate court order denying their claims against the estate of the decedent, Errol Shelden Greenberg. At issue is the proper construction of MCR 5.706(A) and MCL 700.732; MSA 27.5732, which prescribe the period within which creditors have the right to file tardy claims against a decedent's estate. The trial court concluded that petitioner's claims were not timely filed and we agree. However, we remand this case to the probate court for reasons stated herein.

The facts of this case are not in dispute. On June 29, 1983, Errol Shelden Greenberg died intestate. The decedent's surviving wife, Jetta Greenberg, filed a petition for the administration of his estate on July 6, 1983. Also filed was a "Notice of Hearing" which informed all interested parties that the last day for the presentment of creditor claims was October 19, 1983.

Thereafter the probate court ordered three adjournments of the hearing as well as adjournments of the date for the presentment of claims. According to the last order of adjournment entered November 3, 1983, the actual final date on which claims could be presented to the court was November 7, 1983.[1] We note that two claims were submitted between October 19, 1983, and November 7, 1983, neither of which were objected to by the co-personal representatives of the estate.

The decedent and his brother, Barton Greenberg, were the general partners of Pleasant View Associates, a Michigan copartnership. Barton Greenberg was also chairman of the board of Diamond Mortgage Corporation, which had loaned Pleasant View Associates a sum of money on

---

[1] Although there is some question as to the propriety of a presentment date more than four months after the notice of hearing was filed, MCR 5.706(A), there has been no formal challenge offered either in the probate court or on appeal and we decline to address this issue.

which the principal and interest owed at the time of decedent's death was $1,880,090.48. On May 3, 1985, Diamond Mortgage filed a claim against the decedent's estate for the full amount of the loan balance.

Also on May 3, 1985, Barton Greenberg filed a personal claim against the decedent's estate in the amount of $1,251,454.24. Greenberg claimed fifty percent of Pleasant View Associates' indebtedness to Diamond Mortgage ($940,045.24) and fifty percent of other unliquidated and contingent claims against the co-partnership. Previously, on April 15, 1985, Diamond Mortgage had filed another claim against the estate for funeral expenses and stock purchases.

The co-personal representatives objected to all three tardy claims, though only the two filed May 3, 1985, are the subject of this appeal. By order of July 3, 1985, the probate court determined that the statutory period for filing tardy claims had expired on April 18, 1985, eighteen months after the original presentment date of October 19, 1983. The probate court ruled that both MCL 700.732; MSA 27.5732 and MCR 5.706(A) provided that the eighteen-month period within which to file tardy claims commenced running from the original cut-off date for the presentment of claims rather than from the date of adjournment (or last adjourned date). On this basis, the court accepted the April 15, 1983, claim as having been filed within the statutorily prescribed period and rejected the claims filed May 3, 1983.

Article 7 of the Revised Probate Code, MCL 700.1 *et seq.;* MSA 27.5001 *et seq.,* governs the presentment and satisfaction of claims against a decedent's estate. Pursuant to § 701, "notice of the date for presentment of claims . . . and procedures for allowance of claims shall be as provided by

supreme court rule." MCL 700.701; MSA 27.5701.
The Supreme Court has in turn imposed certain
duties and limitations on the petitioner or fidu-
ciary in providing notice of the last date for pre-
sentment of claims and on the presenting creditors
in filing their claims:

> The petitioner or fiduciary is responsible for
> publishing the notice regarding presentment of
> claims. The notice must include the name, the last
> known address, and the social security number if
> known, of the decedent or ward, the date of death
> of the decedent, and the additional information
> required by MCR 5.702(B). *The last day set for
> presentment of claims* may not be less than 2
> months or more than 4 months after the date of
> publication. After *the last day set,* the estate is
> closed to claims and the statutory period for the
> presentment of tardy claims commences. [MCR
> 5.706(A). Emphasis added.][2]

As referred to in MCR 5.706(A), the statutory
period within which creditors may file tardy
claims is prescribed by MCL 700.732; MSA
27.5732, which, in relevant part, reads:

> On the application of a creditor who failed to
> present his claim, if made within 18 months fol-
> lowing the time originally fixed for the presenta-
> tion of claims, and before the estate is closed, the
> court shall allow further time, not exceeding 1
> month, for the creditor to present his claim.

There is no dispute that, in this case, the two
claims filed May 3, 1985, were presented beyond
the time *originally* allowed for presentment of
claims regardless of whether that date is deter-

---

[2] This language is identical to PCR 706, which was in effect at the
time Jetta Greenberg published notice of the time for presentment of
claims in this case.

mined to be October 19, 1983, or November 7, 1983. The issue is whether petitioner's claims were timely filed as tardy under the eighteen-month rule and should have been automatically accepted inasmuch as the decedent's estate had not been closed. Resolution of this issue turns on whether the eighteen-month period commenced running on October 19, 1983, or on November 7, 1983. Petitioners emphasize the language of MCR 5.706(A) and argue that "the last day set" for presentment of claims was November 7, 1983, thus extending the period for filing tardy claims to May 6, 1985. Respondents on the other hand emphasize the language of MCL 700.732; MSA 27.5732 and argue that "the time originally fixed for the presentation of claims" was October 19, 1983, thus limiting the tardy claim grace period to April 18, 1985.

We conclude that the eighteen-month tardy period commenced running on October 19, 1983. MCL 700.732; MSA 27.5732 clearly and unambiguously provides that creditors will have eighteen months from "the time *originally* fixed for the presentment of claims" within which to file tardy claims, which shall be accepted by the court unless the estate has been closed. Since the Legislature's use of the term "originally" is both clear and unambiguous, further interpretation by this Court is unnecessary and unwarranted. *Treasury Dep't v Psychological Resources, Inc,* 147 Mich App 140, 145; 383 NW2d 144 (1985).

We point out, however, that further interpretation would lead to the same conclusion. Statutes which limit the period during which claims may be submitted against a deceased person's estate are strictly construed so as to encourage the prompt and efficient settlement of claims. *Lawrence v DeBoer,* 273 Mich 172, 177-178; 262 NW 660 (1935); *Williams v Grossman,* 409 Mich 67, 95-

96; 293 NW2d 315 (1980) (Justice RYAN, dissenting), reh den 409 Mich 1102 (1980). In keeping with this general principle, the majority of justices in *Williams v Grossman, supra,* expressly agreed that the purpose of MCL 700.732; MSA 27.5732 "is to facilitate the administration of estates, the payment of creditors and the distribution of assets to heirs and legatees." 409 Mich 86-87. The plain meaning of the statute in this case is consistent with the general purpose of imposing time limitations on the submission of claims against a decedent's estate.

Petitioners argue that MCL 700.732; MSA 27.5732 conflicts with MCR 5.706(A) regarding a matter of practice and procedure in probate court and that the statute should thus give way to the court rule under MCR 1.104. We do not agree that there is a conflict between the statute and the court rule. MCR 5.706(A) refers to "the last day set for presentment of claims," which language is somewhat ambiguous and requires interpretation. If read in the context of the preceding language, it becomes clear that "the last day set" refers to the date set forth in the notice required to be published under MCR 5.702. This original date for presentment of claims is the only date that is required to be published and announced for the benefit of all creditors and other interested parties.[3] A "Mad Hatter" could certainly protest the practice of keeping alive timely claims when an altogether adequate procedure is in place to treat tardy claims but we deal with rules honed by probate practitioners and judges, which we are not, ergo "there must be a good reason."

Furthermore, court rules are to be construed to

---

[3] Petitioners have explained both in probate court and in their briefs on appeal that they learned of the November 7, 1983, adjournment date as the result of checking the probate court files.

secure the just, speedy and economic determination of every action, MCR 1.105, which again suggests strict construction of imposed time limitations. We agree with the trial court that petitioners had eighteen months from October 19, 1983, the date originally set as the last date for presentment of claims, within which to file their tardy claims. Petitioners failed to do so and do not have a right to have those claims heard.

However, that finding does not resolve the issue of whether petitioner's claims against the estate should be accepted or rejected by the probate court. MCL 700.732; MSA 27.5732 further provides:

> After 18 months following the time for presentation of claims as originally fixed, a claim against the estate shall not be received and considered unless the court, upon prior notice to the fiduciary and after hearing, determines that the failure of the creditor to present his claim sooner was not due to any fault or neglect on the part of the creditor.

The probate court conducted a hearing in this regard on October 9, 1985, at which petitioners argued that their reliance on November 7, 1983, as the date on which the eighteen-month tardy claim period began to run was reasonable and that their failure to submit their claims prior to April 18, 1985, was neither blameworthy nor negligent.

In a written opinion filed October 17, 1985, the probate court concluded:

> Petitioners submitted no proofs to this issue and have been represented by counsel in these proceedings as early as August 25, 1983, when Ronald M. Barron filed an appearance on behalf of both Barton Greenberg and Diamond Mortgage Corpo-

ration. In addition, both parties were notified of all proceedings in this estate including the October 19, 1983 date for claims presentment. Therefore, this Court can only conclude that Barton Greenberg and Diamond Mortgage's failure to file these claims within the statutorily prescribed periods was due to their fault and neglect and the filing of these claims is hereby disallowed.

The court's use of the plural "periods" implies that it considered the failure to file timely claims for presentment and the failure to file tardy claims within MCL 700.732; MSA 27.5732. Under Article 7 of the Revised Probate Code, there is no occasion to consider negligence in failure to file timely claims for presentment. While it is true that petitioners failed to submit any evidence at the hearing conducted October 9, 1985, such omission is easily understood in light of the fact that the issue before the probate court was not one that involved disputed factual matters. Instead, the question before the court was whether petitioners' reliance on November 7, 1983, as the last date allowed for presentment of claims against the estate was a *reasonable* one. If so, petitioners were neither negligent nor at fault in anticipating that their tardy claims were timely filed if filed before May 6, 1985.

With the release of this decision,[4] bench and bar are on notice as to our interpretation of MCL 700.732; MSA 27.5732 and MCR 5.706(A). At the time petitioners were presented with this issue, however, the law was not clear. Given the absence of any guiding authority, we are not persuaded that petitioners were unreasonable in relying upon the November 7, 1983, presentment date as the date on which the tardy claim period commenced

---

[4] Subject to timely proceeding and the rule announced in *People v Phillips,* 416 Mich 63, 74-75; 330 NW2d 366 (1982).

running. Thus, petitioners were neither negligent nor at fault in filing their claims beyond April 18, 1985, when the tardy claim period actually expired, but before May 6, 1985, when the tardy claim period would have expired had November 7, 1983, been the proper commencement date. We therefore remand this case for further proceedings on petitioners' claims.

Affirmed in part, reversed in part, and remanded. Jurisdiction is not retained.