FELD v ROBERT & CHARLES BEAUTY SALON

Docket No. 97505. Submitted July 12, 1988, at Detroit. Decided
    January 17, 1989. Leave to appeal applied for.                    ·
    Sylvia Feld, an employee of Robert & Charles Beauty Salon,
        sustained injuries when she slipped and fell while leaving the
        work premises on August 14, 1982. Feld filed a petition with
        the Bureau of Workers' Disability Compensation seeking com-
        pensation benefits. Robert & Charles Beauty Salon and its
        workers' compensation insurance carrier (collectively referred
        to hereafter as defendants) requested that Feld submit to a
        medical examination. Feld refused to submit to the examina-
        tion unless her attorney could be present. Defendants moved
        for suspension and forfeiture of Feld's compensation benefits. A
        hearing was held, and the hearing officer ruled that Feld's
        attorney had no right to be present at the medical examination
        and ordered a suspension of Feld's right to compensation, if
        any, until she submitted to the medical examination. The
        Workers' Compensation Appeal Board affirmed the decision of
        the hearing officer and remanded the matter to the officer for a
        resolution on the merits of the petition. The hearing officer
        dismissed Feld's petition because her attorney would not permit
        Feld to submit to a medical examination without his being
        present. The WCAB affirmed the dismissal of the petition. Feld
        appealed by leave granted. The two issues raised on appeal are
        whether Feld has a right to have her attorney present at a
        medical examination required by the workers' compensation
        act and, if present, whether her attorney may electronically
        record the audible portions of the medical examination.

        The Court of Appeals *held:*

        1. An injured employee has a right to have an attorney
    present whenever the employee is coerced to submit to an
    examination requested by the employer with the full force of

REFERENCES

Am Jur 2d, Statutes §§ 211, 212; Workmen's Compensation §§ 457,
    458.
Right of party to have his attorney or physician present during his
    physical examination at instance of opposing party. 64 ALR2d
    497.

possible WCAB sanctions behind the request, and the right attaches at the time the employer requests the medical examination. The WCAB erred as a matter of law in imposing sanctions and ultimately dismissing Feld's petition for failure to submit to the medical examination.

2. Nonintrusive note-taking of the audible portion of the medical examination, whether electronically recorded or in handwriting, is not prohibited by the workers' compensation act. The only prohibition is that the injured employee not in any way obstruct the examination. Where the employer desires to prohibit electronic recording at the medical examination and the employee opposes the prohibition, it is incumbent upon the employer to move for sanctions pursuant to the act setting forth the reasons why the recording activity would obstruct the medical examination.

Reversed and remanded for further proceedings.

1. STATUTES — JUDICIAL CONSTRUCTION.

The maxim "expressio unius est exclusio alterius," the expression of one thing is the exclusion of another, may not govern the interpretation of a statute where the legislative intent is opposed to its application.

2. WORKERS' COMPENSATION — MEDICAL EXAMINATIONS — RIGHT TO COUNSEL.

An injured employee has the right to have an attorney present whenever the employee is coerced to submit to an examination requested by the employer with the full force of possible Workers' Compensation Appeal Board sanctions behind the request; this right attaches at the time the employer requests the medical examination (MCL 418.385, 600.1445; MSA 17.237[385], 27A.1445).

3. WORKERS' COMPENSATION — MEDICAL EXAMINATIONS — NOTE-TAKING — ELECTRONIC RECORDING.

Nonintrusive note-taking of the audible portion of a medical examination, whether electronically recorded or in handwriting, is not prohibited by the Workers' Disability Compensation Act; where an employer desires to prohibit electronic recording at a medical examination and the employee opposes the prohibition, it is incumbent upon the employer to move for sanctions pursuant to the workers' compensation act setting forth the reasons why the recording activity would obstruct the medical examination.

*Thomas F. Brill,* for plaintiff.

*Nystrom, Nystrom & Hitchcock* (by *Marsha M. Woods*), for defendants.

Before: GRIBBS, P.J., and SHEPHERD and J. R. COOPER,* JJ.

SHEPHERD, J. Plaintiff Sylvia Feld appeals by leave granted from a Workers' Compensation Appeal Board decision to dismiss her petition for compensation benefits. The two issues raised relate to whether plaintiff has a right to have her attorney present at a medical examination required by § 385 of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, and, if present, whether her attorney may electronically record the audible portions of the medical examination as a note-taking device. The WCAB held that plaintiff did not have the right to have her attorney present and declined to address the second issue. We reverse.

By petition dated August 17, 1982, plaintiff sought compensation benefits from her employer, defendant Robert & Charles Beauty Salon, and her employer's compensation carrier, defendant Twin City Fire c/o Hartford Insurance Group, for injuries plaintiff allegedly sustained when she slipped and fell while leaving the work premises on August 14, 1982. Defendants requested that plaintiff submit to a medical examination pursuant to § 385 of the WDCA. Plaintiff failed to appear when defendants' attorney would not agree that plaintiff's attorney could be present at the medical examination. Defendants responded by moving for suspension and forfeiture of Feld's compensation benefits. A hearing referee ruled that plaintiff's attorney had no right under the statute to be present at the medical examination and ordered a suspension of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's right to compensation, if any, until she submitted to the examination requested by defendants. On January 29, 1986, the WCAB affirmed the referee's decision that plaintiff had no right to have her attorney present and remanded the matter to the referee for a resolution of the merits of the petition. In so holding, the WCAB made its ruling a limited one and, in anticipation that situations will arise where it will be necessary for other persons to accompany an employee to the medical examination, ruled that such situations should be resolved on an individual basis upon motion of the parties. Panel member Steven Gonzales wrote a concurring opinion wherein he opined that legislative reform or an "authoritative construction" of the statute was necessary.

On November 18, 1986, the referee dismissed plaintiff's petition "for the reason that plaintiff's attorney will not permit her to be examined without his attendance." The WCAB affirmed the dismissal on May 28, 1987, and this appeal followed.

Our review of the decision of the WCAB is limited to questions of law and, in the absence of fraud, restricted to whether there is any competent evidence to support the factual findings. Const 1963, art 6, § 28; *Gilroy v General Motors Corp,* 166 Mich App 609, 612; 420 NW2d 829 (1987), lv den 430 Mich 872 (1988). At issue in this case is a question of law; namely, how to interpret § 385 of the WDCA, which states in pertinent part:

> After the employee has given notice of injury and from time to time thereafter during the continuance of his or her disability, if so requested by the employer or the carrier, he or she shall submit himself or herself to an examination by a physician or surgeon authorized to practice medicine under the laws of the state, furnished and paid for by the employer or the carrier. If an examination

relative to the injury is made, the employee or his or her attorney shall be furnished, within 15 days of a request, a complete and correct copy of the report of every such physical examination relative to the injury performed by the physician making the examination on behalf of the employer or the carrier. *The employee shall have the right to have a physician provided and paid for by himself or herself present at the examination.* If he or she refuses to submit himself or herself for the examination, or in any way obstructs the same, his or her right to compensation shall be suspended and his or her compensation during the period of suspension may be forfeited. Any physician who makes or is present at any such examination may be required to testify under oath as to the results thereof. [MCL 418.385; MSA 17.237(385). Emphasis added.]

The WCAB found § 385 clear and unambiguous. Applying the statutory construction maxim of "expressio unius est exclusio alterius," meaning the expression of one thing is the exclusion of another, the WCAB concluded that the express mention of plaintiff's right to have a physician present implied that plaintiff had no right to have an attorney, and apparently anyone else, present at the medical examination requested by the employer. We find that the WCAB erred in its application of this statutory construction maxim to § 385 and that a proper analysis of legislative intent demonstrates that the WCAB erred in ruling that plaintiff had no right to have an attorney present.

The above-quoted maxim is only a tool in interpreting legislative intent. The maxim cannot govern when its application would defeat legislative intent. *Dep't of Treasury v Psychological Resources, Inc,* 147 Mich App 140, 144; 383 NW2d 144 (1985). In construing the legislative intent of § 385 of the WDCA, we are guided by the following principles:

> A statute may be judicially construed if the language used is ambiguous or the statute is susceptible of two or more meanings. . . . The primary rule of statutory construction is to determine and effectuate the Legislature's intent. . . . Toward that end, statutory language should be given a reasonable construction considering the purpose of the statute and the object sought to be accomplished. . . . An act must be read in its entirety and the meaning given to. one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. . . . Statutes are to be construed so as to avoid absurd consequences. [*King v Director of the Midland Co Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). Citations omitted.]

Further, while we are mindful that long-standing, invariant administrative interpretations of those charged with administering a statute are entitled to considerable weight, the WCAB's interpretation of § 385 is neither long-standing nor invariant. See *Magreta v Ambassador Steel Co (On Reh),* 380 Mich 513, 519; 158 NW2d 473 (1968); *Stratton-Cheeseman Management Co v Dep't of Treasury,* 159 Mich App 719, 724; 407 NW2d 398 (1987). To the contrary, a majority of the WCAB panel in *Crunk v General Motors Corp,* 1983 WCABO 524, relying on the language of MCL 600.1445(1); MSA 27A.1445(1), which entitles a plaintiff to have an attorney present whenever an examination is ordered by "any court, board or commission . . . ," held that an employee has a right to have an attorney present when the employee is coerced to submit to a medical examination pursuant to § 385 as a fundamental right. Thus, this is not a case where deference to the WCAB's interpretation of the statute is warranted.

The language of § 385, as it relates to its basic

purpose, is clear and unambiguous. Section 385 is intended to provide an employer upon receiving notice of the injury with a right to require an injured employee to submit to a medical examination from time to time. The language of § 385 is also consistent with the basic purpose of the notice statute, § 381 of the WDCA, which is to

> give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss. [*Norris v Chrysler Corp,* 391 Mich 469, 474; 216 NW2d 783 (1974), quoting *Littleton v Grand Trunk R Co,* 276 Mich 41, 45; 267 NW 781 (1936). See also *Nicholson v Lansing Bd of Ed,* 423 Mich 89, 94; 377 NW2d 292 (1985).]

Allowing the injured employee to have a physician present during any medical examination requested by the employer is consistent with the objective of the notice statute since it furthers the goal of establishing a course of treatment that will speed the employee's recovery. However, when viewed in the context of where § 385 fits into the overall scheme of the WDCA, there is nothing in § 385 to support the WCAB's decision that the failure to expressly mention that an attorney, or anyone else, may also be present was clearly intended by the Legislature to imply that a plaintiff has no right to have an attorney present. Indeed, the fact that an employee may desire to have an attorney present suggests that a controversy over the employee's right to compensation which may require WCAB intervention is anticipated and that the examination, at least in part, is serving the goal of the notice statute to provide discovery to the employer while the facts are still accessible.

The majority in *Crunk* focused on several factors, the most significant of which was the language of § 1445 of the Revised Judicature Act, MCL 600.1445; MSA 27A.1445, which states:

(1) Whenever in any proceedings before any court, board or commission, or other public body or officer, an order is made by such court, board or commission, or other public body or officer, requiring and commanding that a person shall submit to a physical examination, the order shall also provide that the attorney for such person may be present at such physical examination if the party to such examination desires that an attorney representing him be present.

*Zawacki v Detroit Harvester Co,* 310 Mich 415; 17 NW2d 234 (1945), was a workers' compensation case in which our Supreme Court applied the predecessor to § 1445 of the RJA. The Court noted that the act in question was not part of the workers' compensation law, but declared the rights of any party required to be examined. *Id.,* p 419. We, similarly, hold that § 1445 of the RJA applies to this case.

From the face of § 1445, it is clear that the Legislature intended that an injured employee have a right to have an attorney present whenever ordered by the WCAB to submit to a medical examination. Section 1445 is significant in that it relates to the same subject matter as § 385 of the WDCA, that is, both statutes contemplate that an injured employee will be required to submit to a medical examination. Also related to this subject matter is § 865 of the WDCA, MCL 418.865; MSA 17.237(865), which authorizes the bureau to appoint an impartial physician to examine an injured employee. Section 865 of the WDCA accomplishes this by direct order, while § 385 of the WDCA accomplishes

the functional equivalent of an order by authorizing the WCAB to sanction an employee who fails to appear at a medical examination requested by the employer by suspending and possibly ordering forfeiture of compensation benefits. We can perceive of no meaningful distinction between an order that directly requires a medical examination and one that coerces the employee to submit to an examination requested by the employer with the full force of WCAB sanctions behind the request.

Statutes relating to the same subject matter are construed in pari materia and must be read together as constituting one law, even if they contain no reference to one another and were enacted on different dates. *Crawford Co v Secretary of State,* 160 Mich App 88, 95; 408 NW2d 112 (1987). When interpreting statutes which arguably concern the same subject matter, the statutes should be construed to preserve the intent of each and, if possible, interpreted in such a way that neither denies the effectiveness of the other. *Id.*

Section 1445 of the RJA and § 385 of the WDCA relate to the same subject matter and, thus, will be read together as constituting one law. In view of the clear intent of § 1445 of the RJA to provide an injured employee with the right to have an attorney present whenever an examination is ordered by the WCAB, we conclude that this intent can only be preserved if § 385 is interpreted as entitling an injured employee to have an attorney present whenever that employee is coerced to submit to an examination requested by the employer with the full force of possible WCAB sanctions behind the request. Because it would be absurd to construe the legislative intent as requiring the employee to go through the process of refusing the employer's request until confronted with an actual order of sanctions, we hold that the

employee's right to have an attorney present attaches at the time the employer requests the medical examination. To hold otherwise would be inconsistent with the goal of the workers' compensation legislation to deliver sustaining benefits to a disabled employee as soon as possible after the injury occurred. *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). The goals of the notice statute, § 381 of the WDCA, to provide the employer with an opportunity for discovery and to employ physicians to speed the injured employee's recovery and to minimize losses are amply provided for by the Legislature's express authorization of sanctions in § 385 when the employee refuses to submit or otherwise obstructs the medical examination.

In the present case, plaintiff refused to submit to a medical examination because her attorney could not be present. Because plaintiff had a right to have her attorney present, we conclude that the WCAB erred as a matter of law in imposing sanctions and ultimately dismissing her petition for failure to submit to the medical examination.

Plaintiff also contends that her attorney should be allowed to electronically record the audible portions of a medical examination conducted pursuant to § 385 of the WDCA as a note-taking device. Relying on *Nemes v Smith,* 37 Mich App 124; 194 NW2d 440 (1971), and two WCAB decisions following *Nemes, Crunk, supra,* and *Parker v Grand Blanc Community Schools,* 1986 WCABO 127, defendants contend that the employee does not have a right to electronically record medical examinations scheduled pursuant to § 385. Although the WCAB declined to address this issue, we shall briefly consider the issue since it presents a question of law and is necessary to a proper resolution of this case on remand.

In *Nemes,* this Court affirmed a trial court's order which required the plaintiff to submit to a medical examination authorized by GCR 1963, 311.1, now MCR 2.311(A), but did not specify that an attorney could record the answers to questions asked during the examination. Then applicable GCR 1963, 311.1 was a civil discovery rule that required the court to specify the conditions and scope of the medical examination. The plaintiff argued that she should have a right to make a record of the questions asked and the answers given at the examination by the use of either a mechanical tape recorder or, in lieu thereof, a court reporter. This Court found that the court rule provided adequate safeguards to protect the interests of the examinee and concluded that the examinee had no right to make a recording, stating, "We decline to write in the court rule by interpretation that which is absent in its language." *Id.,* p 131.

We need not decide whether we agree with *Nemes* since the court rule is inapplicable to workers' compensation proceedings and, hence, is not controlling in this case. MCR 1.103, formerly GCR 1963, 11, and see *East Jordan Iron Works v Workers' Compensation Appeal Bd,* 124 Mich App 324, 327; 335 NW2d 23 (1983), lv den 418 Mich 948 (1984). Workers' compensation proceedings are purely statutory and, pursuant to § 853 of the WDCA, MCL 418.853; MSA 17.237(853), shall be as summary as reasonably possible. See *Hayward v Kalamazoo Stove Co,* 290 Mich 610, 616-617; 288 NW 483 (1939); *Greer v John E Green Plumbing & Heating Co,* 75 Mich App 451, 453, n 2; 255 NW2d 17 (1977), remanded to the WCAB on other grounds, 406 Mich 896 (1979).

While it is true that § 385 of the WDCA, like the court rule, does not provide that an examinee or

his or her attorney may take notes on the audible portion of the medical examination, whether electronically recorded or in handwriting, we do not believe that the absence of this language in § 385 implies that the Legislature intended to prohibit nonintrusive note-taking. The only prohibition of § 385 relating to the actual condition of the examination is that the injured employee not in any way obstruct the examination. While it is possible that electronic recording as a note-taking device may, in any particular case, be obstructive, we decline to hold as a matter of law that the Legislature intended that § 385 prohibit all electronic recordings. Where the employer desires to prohibit electronic recording at the medical examination and the employee opposes the prohibition, it is incumbent upon the employer to move for sanctions pursuant to § 385 setting forth the reasons why the recording activity would be obstructive to the medical examination. The WDCA provides for no other remedy.

We wish to emphasize that this holding is limited to unobtrusive audio recordings. Counsel for plaintiff placed great emphasis on the need for such recordings in order to discourage employers' physicians from inducing claimants to make inaccurate statements or from distorting claimants' verbal statements in the physicians' written reports. Whether the action of the physician is intentional or unintentional, a simple audio recording device is sufficient for those purposes.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.